## HOAGLAND, Appellant, v. FOREST PARK HIGH-LANDS AMUSEMENT COMPANY et al.

### Division Two, December 2, 1902.

1. **Lost Chattel: RIGHT TO POSSESSION.** The finder of a chattel is entitled to its possession as against all persons except its true owner.

2. ———: TROVER. The finder of a lost purse has a special property in the chattel found sufficient to maintain trover against every person except the true owner, and generally the place in which it is found creates no exception to the rule. But a chattel voluntarily laid down and forgotten is not, in legal contemplation, lost; and in such case, the owner of the shop, bank or other place where it is left, is the proper custodian, rather than the person who happens to discover it, and rather than all other persons except its true owner.

3. ———: ———: WHAT IS LOST. A pocketbook found on the ground under a table at an open-air place of amusement and refreshment, is held to have been lost, and not intentionally laid down there and forgotten. Therefore, the finder was entitled to its possession as against all persons except its true owner. And as against the finder, neither the proprietor of the place, nor the keeper of the ticket office, nor any waiter, nor any watchman or guard, nor any other employee of the place was entitled to its possession.

4. ———: EJECTION OF FINDER. Neither the proprietor of amusement and refreshment grounds, nor his employees, have any right to eject therefrom the finder of a lost purse on his refusal to surrender it, and an instruction that so tells the jury is erroneous.

5. ———: ———: NO EVIDENCE: ASSAULT AND ARREST. An instruction without evidence on which to predicate it is erroneous. Hence, an instruction which tells the jury that the employees at amusement and refreshment grounds had the lawful right to eject the finder of a purse from said premises upon his refusal to give it up and to use such force as was necessary, is erroneous, both as clothing such employees with authority which they could not legally exercise, since they had no right to the possession of the purse, and also es-

pecially because there is no evidence on which to base it, the evidence showing that, instead of trying to eject him, they tried to force him to give them the purse, and on his refusal assaulted and arrested him.

6. ——: ——: INSTRUCTION: ISSUES. A new issue should not be presented by instructions. If the suit is for damages for false arrest and assault and battery, and the answer is a general denial, there is no issue presented by the pleadings of the right of the manager of a place of amusement to eject the finder of a purse on his refusal to give it up.

7. ——:AMUSEMENT GROUNDS: DUTY OF PROPRIETOR: INSTRUCTION. An instruction is erroneous which tells the jury that the proprietor of an amusement ground is "in duty bound to exercise reasonable care to protect for the true owner, all valuables inadvertently mislaid or lost on his premises." The finder of a lost chattel is entitled to its possession.

8. ——: ASSAULT ON FINDER: ADVERTISEMENT AND RECORDS OF LOST ARTICLES. In a suit for damages by the finder of a lost purse against the proprietor of amusement and refreshment grounds, for assault and unlawful arrest by the employees of the place, because he would not give such purse to them, all the testimony concerning the proprietor's system of making a record of lost articles is no defense and is inadmissible, as is the fact that he advertised the loss and finding.

9. Damages: PUNITIVE ONLY: EFFECT OF FINDING. Actual damages must be found as a predicate for the recovery of exemplary damages, and a verdict which gives plaintiff no compensatory damages for an assault and false arrest, but gives him one cent punitive damages, is inconsistent with itself. The jury in finding for plaintiff in effect found that the assault and arrest were without lawful excuse. He was, therefore, entitled to have actual damages to some extent, and for its failure to award him a pecuniary reparation the verdict should be set aside.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

REVERSED AND REMANDED.

*Charles & Lackey* for appellant.

(1)   Instruction 5 does not correctly state the law. The finder of a lost article is entitled to possession as against every one except the owner.   2 Kent, star page,

Hoagland v. Amusement Co.

356; Lacy's Ed., p. 453; Darlington on Personal Property, pp. 35-37 (note 1, p. 37); Hamaker v. Blanchard, 90 Pa. St. 377; Tatum v. Sharpless, 6 Phil. 18; Bowen v. Sullivan, 62 Ind. 281; Durfee v. Jones, 11 R. I. 588; Bridges v. Hawkesworth, 7 En. L. & Eq. 424; s. c., 15 Jur. 1079; s. c., 21 L. J. Q. B. 75. The defendants had no legal right to eject plaintiff from the premises, either by force or otherwise, for refusal to comply with their demand to deliver to them a pocketbook found by him. The evidence all showed that the purpose of defendants in arresting plaintiff was to deliver him into the custody of a police officer. There was no evidence whatever to support the clause in this instruction which told the jury that for his refusal to comply with their demand they "had the lawful right to eject the plaintiff from the premises." It is not the law that the defendant company "was in duty bound to exercise reasonable care to protect, for the true owner, all valuables inadvertently mislaid or lost on its premises." The testimony of defendant Scherf as to his system for restoring lost articles to their owners should, therefore, have been excluded. (2) The verdict was against the evidence, and must have been the result of bias or prejudice. The plaintiff was entitled to substantial damages. Ahern v. Collins, 39 Mo. 145; Union D. & R. Co. v. Smith, 16 Colo. 361; Clark v. Starin, 47 Hun 345; State ex rel. v. Evans, 83 Mo. App. 307. It is the duty of the trial court to set aside the verdict when it is against the evidence or the weight of the evidence, or was the result of bias, passion or prejudice. Lawson v. Mills, 130 Mo. 170, 172; Lee v. Knapp, 137 Mo. 385, 393; Railroad v. Kunkel, 17 Kan. 145; Mining Co. v. Stoop, 56 Kan. 426. Especially when the jury have found for the plaintiff, but have awarded him only nominal damages, in a case where under the evidence he is entitled to substantial damages. Chouquette v. Railroad, 152 Mo. 267. The form of the verdict exhibits a misconception on the part of the jury both as to the facts and the instructions. 1 Sedgwick on Damages (8 Ed.), sec. 361;

Vol 170 mo—22.

1 Sutherland on Damages, sec. 406, and note 2; Jones v. Mathews, 75 Tex. 1; Ganssly v. Perkins, 30 Mich. 492; Schippel v. Norton, 38 Kan. 567. Defendants were guilty of an unlawful arrest, and in such case plaintiff need not prove either malice nor want of probable cause to entitle him to compensatory damages. Boeger v. Langenberg, 97 Mo. 396; Monson v. Rouse, 86 Mo. App. 102.

*Rassieur & Rassieur* for respondents.

(1) The testimony concerning the respondents' system of making a record of lost articles was objected to on the ground of its immateriality. The admission of this testimony could not have been prejudicial to appellant, since the verdict was in his favor. Craighead v. Wells, 21 Mo. 404. (2) The instruction complained of by plaintiff was a proper declaration of the law applicable to the facts of this case. The pocketbook in question was not lost, in a legal sense; it was merely mislaid. Under such circumstances the respondents were bound to exercise reasonable care to protect it for the true owner. McAvoy v. Medina, 11 Allen 548, 87 Am. Dec. 733; Kincaid v. Eaton, 98 Mass. 139, 93 Am. Dec. 142; People v. McGarren, 17 Wend. 460; State v. McCann, 19 Mo. 249; Pritchett v. State, 62 Am. Dec. 468. The appellant was in the respondents' premises under a mere license, and they had a lawful right to eject him for any reason, or no reason at all. 25 Am. and Eng. Ency. of Law, 1033, 1039. (3) In any event, the giving of this instruction, if erroneous, was harmless error, since the jury found this issue in appellant's favor. This instruction does not concern the measure of damage, and under the verdict, that can be the only question in this case. (4) Where exemplary damages but no compensatory damages are awarded, the court will, on plaintiff's appeal, treat this as an error of form, rather than of substance, and will not disturb the verdict. Courtney v. Blackwell, 150 Mo. 245; Mills v. Taylor, 85 Mo. App. 111. The appellate court will not set

aside the verdict merely because, under some of the evidence, the damages awarded may seem inadequate. Dowd v. Air Brake Co., 132 Mo. 579; Leahy v. Davis, 121 Mo. 227; Pritchard v. Hewitt, 91 Mo. 547.

BURGESS, J.—This is an action for five thousand dollars damages alleged to have been sustained by plaintiff by reason of an unlawful arrest and assault and battery by the employees of the defendants of and upon him.

On the evening of June 24, 1898, plaintiff was at Forest Park Highlands, a place of amusement and refreshment in the city of St. Louis operated by defendant company, all parts of which are open and free to the public, except the open-air theater, which is fenced off from the rest. He attended the performance at the theater, and after its close sat down at one of the tables which were scattered about the grounds, when he found a pocketbook lying on the ground. He at once started with it to the ticket office for the purpose of leaving it there. The window was closed; but in his efforts to attract the attention of those within he was observed by the head waiter, who asked what he wanted. When told by plaintiff that he had found a pocketbook, this man claimed that he was the proper party to whom to deliver it. Another employee then approached, and he likewise claimed to be the proper custodian. A private watchman then came up and informed plaintiff that he was the right man to take it; and finally defendant Scherf was called, and after telling plaintiff that he was the manager, demanded that plaintiff give it to him. Plaintiff refused to do so, telling each of the men in turn that he did not know him and that he would deliver the pocketbook only to the ticket office or to a uniformed police officer. He had not shown it to any one, and except for his statement they would not have known he had it. His refusal angered the men, particularly Scherf. They became violent, abusive and profane in their language to him and thereby attracted a large crowd. He handed his card to each one of them, but

they all refused to take it. After detaining him some time and refusing all the while to comply with his request to get the ticket office open, or bring a police officer, Scherf ordered the others to arrest him. This they did. They took plaintiff from the ticket office in the southern part of the grounds, to the street car entrance on the north, a distance estimated by different witnesses at from two hundred feet to two hundred yards. Here they found a policeman who took the pocketbook, but refused to continue the arrest, although Scherf demanded it. Plaintiff's clothing was disarranged and he was so roughly handled that that night he found on his arms marks made by the two watchmen. They cursed him, and were violent and abusive. There was a large crowd, composed of people who were sitting around at the tables and people who, like plaintiff, had attended the theater and were starting home.

The jury gave plaintiff no compensatory damages, but gave him one cent punitive damages. Having moved unsuccessfully for a new trial, plaintiff appeals to this court.

The only points urged upon this appeal for a reversal of the judgment of the trial, are, error in giving instruction numbered five on the part of defendants, and that the verdict was against the evidence and must have been the result of bias or prejudice.

The instruction complained of reads as follows:

"The court instructs the jury that the defendant Forest Park Highlands Amusement Company, not only had the right but was in duty bound to exercise reasonable care to protect for the true owner, all valuables inadvertently mislaid or lost upon its premises; and if the jury find that the defendant company and Henry Scherf, its manager, only endeavored to obtain from the plaintiff valuables so found for the purpose of keeping the same safe for the true owner, then their request was not unreasonable, and the defendants had the lawful right to eject the plaintiff from said premises upon his refusal to comply with their request, and in doing so the defendants could use such force as was necessary."

The argument is that the statement in this instruc-
tion that the request of the defendants for possession of
the pocketbook found by plaintiff was not unreasonable,
is incorrect, because the defendants had no right to its
possession.

All of the authorities hold that the finder of a lost
chattel is entitled to its possession as against all other
persons except the true owner. The finder has a special
property in the chattel found, sufficient to maintain
trover against every person except the true owner. [2
Kent, star page 356 (Lacy's Ed. 1892, p. 453) ; Darling-
ton on Personal Property, 35, 36, 37.] And generally
the place in which it is found creates no exception to
this rule. [Hamaker v. Blanchard, 90 Pa. St. 377.] In
that case a domestic servant in a hotel found in the
public parlor a roll of bank bills. She immediately in-
formed the proprietor of the hotel, who suggested that
the money belonged to a transient guest of the house
and received it from the servant to hand to him. It was
afterwards ascertained that the guest did not lose the
money, and upon demand by the servant for the return
of the money the proprietor refused to return it to her.
She brought suit for the money, and it was held that
she was entitled to recover.

In the case of Bowen v. Sullivan, 62 Ind. 281, an
employee in a paper manufactory, while engaged in
assorting a bale of old paper purchased by the propri-
etor for manufacture, found certain lost genuine bank
bills inclosed in a clean, unmarked and undirected en-
velope, which had formed part of such bale, and, for
the purpose of ascertaining whether they were genuine,
delivered them to the proprietor, upon his promise to
return them, who upon demand refused to do so, where-
upon the finder instituted suit for their value. *Held*,
that she was entitled to recover the value of the bank
bills as against the defendant.

In Durfee v. Jones, 11 R. I. 588, the plaintiff had
bought an old safe and soon thereafter instructed his
agent to sell it again, he in the meantime having per-
mission to use it. The agent found between the outer

casing and the lining a roll of bank bills belonging to some person unknown, whereupon the owner of the safe first demanded the money, and then demanded the safe and its contents as they were when the agent received them. The agent returned the safe but retained the money. In an action brought by the owner of the safe for the money found, *held,* that as against the plaintiff the agent was entitled to retain the money, and that the place where it was found made no difference.

Now, the authorities as a general rule hold that money or other property voluntarily laid down and forgotten is not in legal contemplation lost, and that the owner of the shop, bank or other place where it is left is the proper custodian rather than the person who happens to discover it, as well also as to all other persons except the owner. [State v. McCann, 19 Mo. 249; Lawrence v. State, 1 Humph. 228; McAvoy v. Medina, 11 Allen 549; Kincaid v. Eaton, 98 Mass. 139.] The question then was as to who was the proper custodian of the pocketbook in question, the plaintiff or defendant? It is clear, we think, under the evidence, that the pocketbook was not laid down and forgotten, for certainly it would not have been left intentionally upon the ground under the table, but was dropped there, or in some other way came there accidentally, and was within contemplation of law lost, when plaintiff found it.

Another objection urged against the instruction is that it told the jury that defendants might use force to eject the plaintiff from the premises, for *refusal to comply with their request.* But, as plaintiff had the right to retain the property as against all other persons except the true owner, it logically follows that defendants had no right to eject him from their premises upon that ground, even if they had attempted to do so, but the record discloses that instead of ejecting him, they arrested him and that, too, without authority. Hence, the instruction was without evidence or law upon which to predicate it, and is erroneous for these reasons also.

Moreover, no such issue was presented by the pleadings, the answer being a general denial, while the mat-

ters covered by the instruction if thought to be available as a defense, should have been pleaded in the answer.

But the instruction is erroneous for the further reason that it told the jury that the defendant company "was in duty bound to exercise reasonable care to protect for the true owner all valuables inadvertently mislaid or lost on the premises," when the finder of property which had been lost on the premises was himself entitled to its possession and custody against every person except the owner.

The testimony concerning respondent's system of making a record of lost articles was clearly inadmissible, and no defense whatever for the illegal arrest of plaintiff, and the same may be said as to the advertisement by defendant with respect to the loss and finding of the pocketbook.

It is claimed that the judgment should be reversed upon the ground that the jury by their verdict gave the plaintiff no compensatory damages, while they assessed in his favor punitive or exemplary damages at one cent.

It is held in 1 Sutherland on Damages (2 Ed.), section 406, and in Kiff v. Youmans, 86 N. Y. 324; Stacey v. Pub. Co., 68 Me. 287; Freese v. Tripp, 70 Ill. 499; Maxwell v. Kennedy, 50 Wis. 648; Jones v. Matthews, 75 Tex. 1; Trawick v. Martin Brown Co., 79 Tex. 466; Schippel v. Norton, 38 Kansas 567; Kuhn v. Railroad, 74 Iowa 137, and Mills v. Taylor, 85 Mo. App. 111, that actual damages must be found as a predicate for the recovery of exemplary damages. The verdict, therefore, seems to be inconsistent with itself, for when no actual damage has been sustained, as found by the jury in the case at bar, no exemplary damages can be allowed, nor can exemplary damages constitute the basis of a cause of action, for they are mere incidents to it, and when given they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for

the public to impose them upon the defendant as punishment for such wrongful acts in the private action brought by the plaintiff for the recovery of the real and actual damages suffered by him. No right of action for exemplary damages, however, is ever given to any private individual who has suffered no real or actual damages. He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all. [Schippel v. Norton, 38 Kan. 567.]

In Courtney v. Blackwell, 150 Mo. 245, the court instructed the jury on the question of exemplary damages as follows: "If the jury find for the plaintiff, and further find that plaintiff is entitled to exemplary damages, under the evidence in the case, their verdict should be in the following form: 'We, the jury find for the plaintiff, and assess and award to her as exemplary damages the sum of . . . . dollars.' "

The jury did find for plaintiff and did assess and award to her as exemplary damages the sum of seven thousand, seven hundred and fifty dollars, but made no finding with respect to compensatory damages. The court said: "The jury did find for the plaintiff, and in so doing found that the defendant had published the slander with which he was charged, and upon that finding the plaintiff was entitled to have actual damages assessed in her favor, the slander being of that character from which the law implies such damages. They also found, as is apparent on the face of the verdict, when read in connection with the instructions, that the slander had been wantonly and maliciously published, and it was also within their province to assess exemplary damages therefor in her favor. So that there was in fact a basis under the instructions for the assessment of both actual and exemplary damages. But by some mischance in the form of the verdict which was given to the jury no place was left therein for the separate assessment of the actual damages, and the whole was returned in a lump sum according to the form as exem-

plary damages. This was an error of form and not of substance, and as under the facts and circumstances of the case the assessment was reasonable and just, we do not think the judgment ought to be reversed for this error.''

But the case at bar is distinguishable from that case, in this: in that case the jury made no finding at all in regard to actual or compensatory damages, while in the case at bar they expressly found that plaintiff was entitled to recover, that he had sustained no compensatory damages, but assessed punitive or exemplary damages at one cent.

The jury in finding for plaintiff in effect found that defendants arrested the plaintiff and cursed and abused him without any lawful excuse or reason therefor, and upon that finding he was entitled to have actual damages in some amount assessed in his favor. Under such circumstances at the common law he is entitled to pecuniary reparation by way of damages, at least nominal, and, as much more, if anything, as the jury may think him entitled to under the evidence.

The judgment is reversed and the cause remanded. All concur.