STATE OF MISSOURI EX REL. EMMITT SCOTT, RELATOR, v. PAUL A. BUZARD, JUDGE, RESPONDENT.—144 S. W. (2d) 847.

Kansas City Court of Appeals. November 18, 1940.

*James D. Pouncey* for relator.

638

*Harold A. Lockhart, Calvin & Kimbrell* and *Woodruff & Gard* for respondent.

CAMPBELL, C.—The relator, as plaintiff, on December 22, 1939, brought suit in replevin in the Circuit Court of Jackson County against Edgar Shook, Russell Greiner, George Fiske, Milton Schweiger, Bryce B. Smith, Police Commissioners of Kansas City, L. B. Reed, Chief of Police, and sergeant Ira Johnson, to recover possession of ''$12,700 in legal money of the United States.'' The defendants in the action answered by way of a general denial on January 11, 1940.

Bonded Wrecking & Lumber Company on December 28, 1939, brought suit in the Circuit Court of Jackson County against Joseph Johnson, Emmitt J. Scott, L. B. Reed, chief of police, and others in which it alleged it was a corporation engaged in the business of wrecking and salvaging old buildings in Kansas City; that in November, 1939, it purchased a residence building in Kansas City and proceeded to remove said building and its contents; that it employed defendant Johnson as a common laborer in removing said building; that while said work was in progress a part of a wall of said building fell, ''revealing a metal box which was come upon by said defendant, Johnson, while cleaning mortar from bricks of said building, and which said box had been voluntarily placed in said building and wall for safekeeping, and which said box, on being opened by said Johnson, was found to contain certain money, gold paper certificates and valuables, which said gold certificates, money and valuables were carried off or away from said building by said Johnson, and thereafter caused to be turned over by said Johnson and others associated with him . . .;'' that the gold certificate thus taken by Johnson was of the value of $12,700. The petition further alleged the metal box was placed in the wall of said building for safe keeping by some person to plaintiff unknown; that it was the owner of said box and the contents thereof; that each defendant (except Reed) claimed some right or interest in the certificates and prayed the respective rights of the parties in and to the certificates be ascertained and determined. Other allegations are not of consequence.

The defendant, Reed, filed separate answer and ''Bill of Interpleader,'' in which he alleged he was in possession of the certificates described in plaintiff's petition. Paragraph 2 of the answer follows:

''On information and belief this defendant avers that Joseph Johnson, on or about December . . . ., 1939, found said gold certificates in a metal box which he came upon while tearing down a certain brick residence building at 717 Tracy Avenue in Kansas City, Missouri; that the plaintiff herein, Bonded Wrecking & Lumber Com-

pany, was the employer of said Joseph Johnson; that Louis H. Wyatt, now deceased, at one time lived in and owned said residence and was the owner of said residence at the time of his death; that Charles A. Wyatt is the administrator of the estate of Louis H. Wyatt, deceased; that all the defendants in this action save Johnson, Scott, Pouncey, Knox, said administrator and this defendant claim to be heirs at law of said Louis H. Wyatt, deceased. On information and belief this defendant avers that said Johnson claims title and interest in said certificates by reason of finding the same; that said Scott claims interest in said certificates by reason of a claimed power of attorney and assignment from said Johnson; that if the defendants Pouncey and Knox have any claim in or to said certificates this defendant is not informed as to the nature thereof except that said defendants Pouncey and Knox are attorneys of record for said defendant Scott; that defendant Charles A. Wyatt, administrator, claims that said certificates belonged to Louis H. Wyatt at the time of his death and now are assets of the estate of Louis H. Wyatt, as administrator, is entitled to the possession thereof; that all of the other defendants claim said certificates as heirs of said Louis H. Wyatt, deceased. This defendant avers that each and all of the defendants herein (except this defendant) claim some ownership in and to all or a part of the aforesaid certificates or any proceeds which may be issued or delivered by the United States in exchange therefor.''

The answer further charged that each defendant, except Reed, claimed ''some ownership'' in the certificates; that he, Reed, was willing to pay the money into court; alleged the institution of the replevin suit by Scott and prayed the plaintiff and the other defendants be required to join issue as between themselves as to their respective claims in said property; that the court determine the rights of the parties therein, and that Scott be enjoined from prosecuting the replevin action. The answer was presented to the court in which respondent was presiding, and thereupon an order was made in said cause which, by its terms, enjoined the defendants in said cause from instituting or prosecuting any suit or proceeding in any court against Reed on account of the gold certificates or the proceeds thereof. Thereafter, date not shown, relator Scott (then a defendant), filed motion in said court which sought to have the court dismiss the answer and bill of interpleader of the defendant Reed and to set aside the stay order above mentioned. The motion, among other things, charged that Scott as the attorney in fact and agent for Joseph Johnson, brought the replevin suit; that Johnson on December 18, 1930, ''found the United States gold certificates'' mentioned in Reed's answer ''*as set out in paragraph 2*'' of said answer. (Italics ours.) The motion was heard and overruled and the stay order theretofore entered modified, and, as modified, provided the replevin suit be stayed pending the

determination of the rights of the parties in the suit brought by Bonded Wrecking & Lumber Company.

The present action is in prohibition. The petition for the writ, filed in this court, brought to us the facts hereinbefore stated, or such facts appear in respondent's return and are not denied.

Upon considering the petition preliminary rule was issued, which we shall consider as prohibiting respondent from staying the prosecution of the replevin action. The return of the respondent stated the facts substantially as we have set them forth. The relator did not reply. The case is presented here upon respondent's motion for judgment in his behalf on the pleadings.

Having arrived at the conclusion the preliminary rule should be discharged, we will state our reason for that conclusion.

The relator proceeds upon the theory that under the power of attorney he obtained the right of Johnson in the certificates; that Johnson was the finder of the certificates, which were lost property within the meaning of chapter 128, Revised Statutes 1929; that he is entitled to the possession of the certificates as against anyone save the true owners thereof, and entitled to proceed in accordance with the provisions of said chapter 128.

Chief Reed, in his answer above mentioned (Par. 2), alleged that Johnson came upon a metal box containing the certificates while he, Johnson, as the employee of Bonded Wrecking & Lumber Company, was engaged in razing a brick residence building. That allegation was admitted in the motion of relator to be true.

From the foregoing it is clear the metal box containing the certificates was in the building which was in the possession of and was being razed by the Bonded Wrecking & Lumber Company; that Johnson, while engaged in his employment, came upon and took possession of the metal box and its contents. There is nothing in the record before us indicating the owner of the gold certificates involuntarily placed them in the metal box or that he involuntarily parted with the possession of the metal box. To the contrary, the only reasonable deduction to be drawn from the facts is that the owner put the certificates in the metal box for safekeeping and then placed them in the building, the razing of which exposed the metal box to Johnson.

In the case of Hoagland v. Amusement Company, 170 Mo. 335, the court said:

"Now, the authorities as a general rule hold that money or other property voluntarily laid down is not, in legal contemplation lost, and that the owner of the shop, bank or other place where it is left is the proper custodian rather than the person who happens to discover it, as well also as to all other persons except the owner."

It is not material whether the Bonded Wrecking & Lumber Company was the owner of the building as it claims or whether it was

in possession as relator admits, for in either case Johnson, the employee, did not have right of possession of any part of the building or anything found therein.

In the case of Foster v. Fidelity Safe Deposit Company, 145 S. W. 139, the plaintiff while in the business place of the defendant noticed an envelope lying on a desk in a private room maintained by the defendant for the use of its customers. The plaintiff examined the envelope, found therein $180 in money. He delivered the money to one of defendant's offices. The defendant, although it made diligent effort to find the owner of the money, failed to do so. After a time the plaintiff brought suit claiming "if he should be successful in this action, he must institute certain proceedings prescribed by sections 8268-8272, Revised Statutes 1909, concerning lost property. . . ." The court held the money was not lost in a legal sense; that for property to be "lost," as that term is used in the law, it must have been involuntarily parted with by the owner; that the situation of the property must clearly indicate it was *lost* and not voluntarily placed by the owner in the place where it was discovered.

The opinion of the Kansas City Court of Appeals in the Foster case was, upon the dissent of one of the judges of that court, certified to the Supreme Court. The latter court (264 Mo. 89) approved and adopted the opinion of the Court of Appeals.

As stated, the situation of the certificates at the time Johnson discovered them was such that no reasonable mind would believe that the owner thereof involuntarily parted with them, and hence the certificates were not, in a legal sense, lost. The relator, as plaintiff in the replevin suit, the prosecution of which has been stayed, sought to recover the certificates in order that he could proceed under the provisions of chapter 128, *supra*. Having shown here that he is without right to thus proceed, it follows, of course, that he is not in position to complain of the stay order or, for that matter, of any other order the respondent should make in that action.

Relator argues Chief Reed unlawfully took possession of the certificates, and for that reason cannot maintain bill of interpleader in the suit brought by Bonded Wrecking & Lumber Company. Chief Reed is not a party in the case at bar and we therefore decline to discuss or rule concerning any of the issues in that action.

Permanent writ is denied and the preliminary rule is discharged. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of Campbell, C., is adopted as the opinion of the court. Permanent writ is denied and the preliminary rule is discharged. All concur.