**Lonnie J. CARTER, Plaintiff-Appellant,**

v.

**Jan PARR, Defendant-Respondent.**

No. 43190.

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

K. Steven Jones, St. Louis, for defendant-respondent.

CRANDALL, Judge.

Lonnie J. Carter appeals from an adverse judgment in his suit against Jan Parr. We affirm. This suit, for actual and punitive damages, stems from an automobile accident on March 3, 1978. Plaintiff was a passenger in a 1977 Ford Granada driven by his wife and defendant was driving a 1968 Chevrolet Camaro. Both cars were westbound. The right front corner of the Granada struck the driver's door of the Camaro as the Camaro attempted to turn left into the driveway of a restaurant. The exact cause of the accident was disputed.

Appellant first contends that the trial court erroneously limited his questioning of veniremen as to their possible bias based on their interest in respondent's insurance company, State Farm Mutual Automobile Insurance Company. During the *first* voir dire examination appellant's attorney asked the veniremen the following question: "Is there anybody on the panel that is now employed by or has ever been employed by, or any members of your family now employed by or ever been employed, or does in any way have any financial interest in the State Farm Mutual Automobile Insurance Company?" A venireman answered that he carried insurance with that company. Appellant's attorney then asked: "In view of

that fact, do you believe you could try this case fairly?" Respondent's attorney moved for a mistrial and the motion was sustained. Before the voir dire examination of the *second* jury panel, the trial court ruled that it would allow the "follow-up" question if a venireman said that he owned stock or was employed by State Farm but would not allow a follow-up question if a venireman merely indicated that he owned a State Farm insurance policy. The trial court further stated that owning an insurance policy was not a "financial interest" in the company.

Appellant relies primarily on *Morris v. Duker*, 414 S.W.2d 77 (Mo.1967) for the proposition that he has an absolute right to ask the follow-up question. In *Morris* the trial court permitted no inquiry whatsoever as to whether any of the veniremen had insurance policies with State Farm Mutual Automobile Insurance Company because State Farm was a nonassessable mutual company.[1] Therefore, the only question asked of the panel with regard to insurance was whether any of the veniremen or members of their immediate families were either officers or employees of that company. The court in *Morris* held that the trial court did not abuse its discretion in refusing to permit the inquiry regarding policies of insurance. *Id.* at 80.

█ The extent to which counsel may inquire of veniremen with respect to their connection with an insurance company interested in the outcome of the case is a matter resting within the sound discretion of the trial judge. The trial court is allowed broad discretion in determining the latitude of the inquiry respecting the qualifications of veniremen to sit as jurors. The trial court's refusal in this case to permit the follow-up question was not an abuse of discretion absent an allegation in appel-

lant's motion for new trial and proof at the hearing that, in fact, one or more of the jurors empaneled was a policyholder and that appellant was thereby prejudiced. *Id.* at 81.

It is not clear from the record, but apparently some jurors were insured by respondent's insurance company. There is no showing, however, of prejudice to appellant. Appellant's motion for new trial lacks any allegations of prejudice. Furthermore, appellant offered no proof of prejudice at the hearing on the motion for new trial. The record merely indicates that appellant requested additional time to show prejudice of jurors and that the trial court denied the request.[2]

█ We hold in this case that the trial court did not abuse its discretion in limiting appellant in his voir dire examination. Furthermore, the trial court did not abuse its discretion in denying a continuance at the motion for new trial hearing, particularly when appellant did not comply with Rule 65.04 in requesting a continuance.

Appellant's second contention is that the trial court erred in permitting respondent's attorney to instruct the veniremen on the law during the voir dire examination. During voir dire respondent's counsel had stated that the jury was faced with two issues, fault and compensation. Appellant's counsel objected on the ground that this constituted instructing the jury and the court overruled that objection. In his motion for new trial, appellant abandoned that objection to the statement and raised three new grounds for objection.[3]

█ While general allegations in the motion for new trial are sufficient if based on specific objections or requests made during the trial, Rule 78.07; *Hartley v. Matej-*

---

1. Whether State Farm is not a nonassessable company is not the criterion. The question is whether appellant was prejudiced by the trial court's limitation of his voir dire examination. *Morris v. Duker*, 414 S.W.2d at 80–81.

2. The entire record of the motion for new trial hearing was a memo dated July 11 that stated: "Motion for new trial called, heard, and sub-

mitted. Plaintiff's request for additional time to show prejudice of jurors denied."

3. Appellant alleged in his motion that the statement (1) amounted to final argument, (2) was not a question, and (3) "preconditioned . . . the jury to a finding in favor of the defendant before the evidence ever started."

*ka*, 585 S.W.2d 240, 242 (Mo.App.1979), they must be consistent in order to preserve alleged error.[4] Appellant's second contention is without merit.

Appellant next contends that the trial court erred in denying his motion for mistrial after respondent had elicited from appellant's wife the fact that she was not injured in the accident. Appellant's objection was properly sustained, and the jury was instructed to disregard the question and the answer. The necessity of the drastic remedy of a mistrial is a matter resting in the sound discretion of the trial court. *Hoene v. Associated Dry Goods Corporation*, 487 S.W.2d 479, 485 (Mo.1972). The trial court did not abuse its discretion by refusing to declare a mistrial.

Appellant next contends that the trial court erred in sustaining respondent's motion for a directed verdict on appellant's claim for punitive damages. We need not address the merits of this claim because the jury found for respondent on appellant's claim for actual damages. There can be no recovery of punitive damages absent an award of actual damages. *United Telephone Company of Missouri v. Horn*, 610 S.W.2d 701, 706 (Mo.App.1980).

Appellant's next claim of error concerns Exhibit No. 6, a St. Louis County Police Department "Traffic Accident Information Form," which was admitted into evidence during the trial. Appellant's claim is that the trial court erred in admitting the form without first obliterating the back portion of the card that said no major traffic violations were involved and no injuries were sustained. Appellant contends this amounted to hearsay and opinion evidence by the police officer. The difficulty with appellant's argument is that the back portion of the card does not contain the statements of which he complains. The card is a printed form and contains no markings by anyone. In order for it to contain hearsay and opinion evidence, it must first contain a statement. Because it is a form, it contains no statement, only an opportunity to make one by checking the appropriate box. The trial court's ruling was correct and appellant's contention is without merit.

Appellant next contends that the trial court erred in allowing respondent to testify that she was not injured in the collision. The trial court stated that it would allow the evidence for the purpose of "showing her physical condition at a subsequent time when statements are being made or when she is being involved in communicating with others."

Appellant attempted to impeach respondent's ability to recollect by bringing out the fact that she was crying and hysterical immediately after the accident, thus putting her physical and mental state in issue at the time she made certain statements.[5] The fact that respondent was not injured was probative of her mental and physical state at the time she made those statements.

The trial court is vested with wide discretion in determining the admissibility of evidence. We cannot say that there was an abuse of that discretion in admitting this evidence. Appellant's contention is without merit.

The remainder of appellant's contentions were either not preserved during the trial or in his motion for new trial or do not preserve anything for appellate review.

The judgment of the trial court is affirmed.

STEWART, P. J., and STEPHAN, J., concur.

---

4. If, in fact, respondent's statements constituted instructions to the jury on the law, they were made in retaliation to similar tactics that appellant's attorney used during his voir dire. The trial court did *not* abuse its discretion in overruling appellant's objection. *See Hartford Accident and Indemnity Company v. List*, 424 S.W.2d 761, 766 (Mo.App.1968).

5. She had written on the traffic accident form that she was in the "right" lane with the left blinker on and was struck on the side by the Granada while turning left. It was later brought out that she meant "correct" when she stated "right." The other statement consisted of refuting the allegation of a witness that she had made her left turn from the curb lane.