**Robert T. MELVILLE and Theresa Melville, Respondents,**

v.

**CHERYL SCOTT REAL ESTATE CO., a corporation, Appellant.**

No. 46360.

Missouri Court of Appeals, Eastern District, Division Three.

June 14, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Case Transferred to Supreme Court Sept. 20, 1983.

Case Retransferred to Court of Appeals Jan. 18, 1984.

John A. Kilo, St. Louis, for appellant.

William J. Fletcher, Clayton, for respondents.

CRIST, Judge.

Appeal from a denial of a motion for judgment notwithstanding the verdict. We reverse.

In the underlying action, plaintiffs (sellers) charged Cheryl Scott Real Estate Co., hereafter Cheryl Scott, and its agents, Linda Durrer and Garey D. Keathley with a concerted breach of their fiduciary duty to sellers in connection with the sale of sellers' four family flat. Cheryl Scott arranged with sellers to sell their four family flat and in fact sold the flat to Garey D. Keathley. It wasn't until after the closing that sellers learned Keathley was the principal shareholder and an officer in the Cheryl Scott Company.

The jury found in favor of the plaintiff sellers and against each of the defendants; Cheryl Scott, Linda Durrer and Garey D. Keathley. The jury awarded plaintiffs zero in actual damages and $10,000 in punitive damages against Cheryl Scott. Cheryl Scott argues on appeal the punitive damage award cannot be upheld absent an award of actual damages. *United Tel. Co. of Missouri v. Horn,* 610 S.W.2d 701, 706 (Mo.App. 1980); *Weldon v. Town Properties, Inc.,* 633 S.W.2d 196, 199 (Mo.App.1982). We must agree. Plaintiffs did not file a transcript of the trial.

Plaintiffs brought an action sounding in tort. The jury did not find actual damages. Nominal damages cannot be implied by us. *Armstrong v. Republic Realty Mfg. Corp.,* 631 F.2d 1344, 1351 (8th Cir.1980); *Stevenson v. Stevenson,* 618 S.W.2d 715, 719 (Mo. App.1981). Plaintiff filed no post-trial motions in response to the jury's inconsistent verdict. Nor do they assert any grounds on this appeal entitling them to a new trial. Rule 72.01(d). There is no merit to plaintiffs' other points relied on in respondents' brief.

Missouri follows the general rule there can be no punitive damages without an award of actual damages. *Longmore v. Merwin,* 585 S.W.2d 545, 545–46 (Mo.App. 1979). We have no choice but to reverse

the trial court's denial of judgment notwithstanding the verdict.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.