James WRIGHT, et al., Plaintiffs,

v.

JASPER'S ITALIAN RESTAURANT, INC., et al., Defendants.

No. 86–0881–CV–W–6.

United States District Court, W.D. Missouri, W.D.

Nov. 9, 1987.

Larry Kinnamon, Jr., Kansas City, Mo., for plaintiffs.

Byron Neal Fox, June Clark, Niewald Waldeck Norris & Brown, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Three nonresident construction workers engaged in water main work in the street outside Jasper's Restaurant in the Waldo area of Kansas City have recovered various sums in punitive damages for assault and false imprisonment. Defendants are the manager and another restaurant employee as well as Jasper Mirabile, Jr., son of the founder of the restaurant. The recoveries, totaling $55,000, range from a high figure of $15,000 assessed in favor of David Norman against Jasper Mirabile, Jr., for assault to a low figure of $2,500 assessed in favor of both David Norman and Larry Hout against Sam Gianino, Jr. for assault. The false imprisonment recovery was in favor of James Wright against Jasper Mirabile, Jr., in the amount of $5,000. The major problem presented by defendants' post-trial motions is that the jury assessed no sum for "actual damages" but only for punitive damages.

Having heard the evidence it seems clear to me that the jury was authorized to find that outrageous conduct had occurred on the afternoon in question and that there were events constituting assaults and at least one instance of false imprisonment. The jury gave this case fair and measured consideration. Some of the verdicts on plaintiffs' claims were in favor of the individual defendants as well as the corporate defendant. While the recoveries are considerably in excess of any fines likely to be imposed in comparable criminal prosecutions they probably cannot be considered so grossly excessive, under punitive damage standards, as to authorize post-trial relief.

The absence of "actual damage" recoveries does not signify that no physical or mental harm was done, but simply the apparent difficulty of putting a dollar value on the harm to plaintiffs. The verdict forms contain a finding filled out by the jury in favor of each plaintiff against the defendant in question for either assault or false imprisonment, and then contain the figure "0" as the amount of actual damages and the pertinent figures mentioned as punitive damages. Neither party requested and the court did not give an instruction on nominal damages, as might have been desirable.

Missouri substantive law is applicable. Defendants seek entry of judgments in their favor, notwithstanding the verdicts, and cite a recent intermediate appellate court decision which they assert is squarely in their favor. *Melville v. Cheryl Scott Real Estate Company*, 664 S.W.2d 529 (Mo.App.1983.). The trial judge in that case rejected a post-trial motion for relief from a judgment based on a verdict in which the "jury awarded plaintiffs zero in actual damages and $10,000 in punitive damages." Stating that "nominal damages cannot be implied by us," the appellate court reversed the judgment on the theory that "Missouri follows the general rule there can be no punitive damages without an award of actual damages."

■ The *Melville* case can easily be read as a procedural miscarriage in which plaintiff lost a $10,000 judgment because the jury neglected to award $1 nominal damages. The case is more sensibly explained,

however, by a decision cited therein (*Stevenson v. Stevenson,* 618 S.W.2d 715, 719 (Mo.App.1981)) in which an old rule was followed that " 'deceit belongs to that class of tort of which pecuniary loss constitutes a part of the cause of action.' " This is " 'in contradistinction with trespass and other direct injuries for which the complainant is awarded nominal damages if he should fail to plead and prove actual damages.' " Thus, in *Melville* as in *Stevenson* no punitive damages were allowable because plaintiff had simply lost the case when there was a failure to establish pecuniary loss. In the present case, however, we are surely dealing with "direct injury" torts like trespass, where the wrong is committed regardless of pecuniary loss.

The Missouri Supreme Court determined in 1981 that a punitive damage award of $50,000 could be sustained for violation of the employee service letter statute, even though there was a failure of proof as to actual damages. The appellate court simply set aside the actual damage judgment and directed that $1 be entered as nominal damages. *Herberholt v. dePaul Community Health Center,* 625 S.W.2d 617 (Mo. banc 1981). *See also Rusk Farms, Inc. v. Ralston Purina Co.,* 689 S.W.2d 671, 681 (Mo.App.1985). The Eighth Circuit has similarly directed judicial entry of nominal damages when an award of actual damages cannot be sustained. *Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 742 (8th Cir.1985). Apparently I could have made such a judgment entry, based on the verdicts in favor of plaintiffs.

Defendants contend, however, that nominal damages cannot be assessed by a court absent some prior assessment by the jury, such as occurred in the erroneous verdicts in *Herberholt, Rusk Farms* and *Jasperson.* I am aware of no rule of federal or state procedure so dictating, and defendants' theory that the courts gave some limited effect to the mistaken actual damage assessments by juries in the cited cases

seems inherently unsound. On the contrary, I believe the cases stand for the proposition that, under appropriate circumstances, judges can independently direct the entry of nominal damage judgments. A "legal implication" of damages arises "whenever a legal right of plaintiff is violated." *Rusk Farm, supra.*

If there was a significant procedural defect in this case it was in the failure of the court to enter judgment for nominal damages on the jury's verdict. I cannot believe that any such a procedural defect, which saved defendants a total of $7, is a matter that is incurable, prejudicial to defendants, or would offer grounds for causing plaintiffs to lose a judgment of $55,000. While I am of course bound by Missouri substantive law as expressed by the Missouri Supreme Court, I am satisfied that after *Herberholt* (where, even more clearly than in this case, there was a failure of proof as to actual damages) the plaintiffs are entitled to retain their punitive damage recoveries.[*]

The motions for judgment notwithstanding the verdict are DENIED.

---

[*] It is possible that one or more intermediate appellate decisions in Missouri have been ruled after *Herberholt* without accepting or considering the lesson of *Herberholt.* Defendants' reading of *Melville* would be an example of such a ruling. I am required, however, to follow my understanding of Missouri law as gleaned from controlling opinions of the Missouri Supreme Court. *R.W. Murray Co. v. Shatterproof Glass Co.,* 697 F.2d 818, 826–9 (8th Cir.1983).