**Eugene O'BRIEN and Sandra O'Brien, Plaintiffs–Appellants,**

v.

**MOBIL OIL CORPORATION, et al., Defendants–Respondents.**

Nos. 53266, 53327.

Missouri Court of Appeals, Eastern District, Division Two.

May 3, 1988.

Lawrence O. Willbrand, St. Louis, for Eugene and Sandra O'Brien.

Shepherd, Sandberg & Phoenix, P.C., Bary D. McConnell, St. Louis, for Mobil Oil.

Charles M. Shepherd, Clayton, for Collins.

PUDLOWSKI, Judge.

In this action for false arrest, the jury returned a verdict in favor of the plaintiff, Eugene O'Brien, and against both defendants, Mobil Oil Corporation and Winfred R. Collins. By its verdict, the jury awarded the plaintiff no actual damages and $2,500 punitive damages against each of the defendants. The court refused to accept the verdict and inquired as to what action the

parties desired the court to take in light of the inconsistent verdict. Plaintiff's only request was that the jury be polled. Defendants asked for a judgment in their favor. The court subsequently discharged the jury. Post-trial motions were filed by the plaintiff for correction of the verdict or alternately for a new trial raising the issue of the inconsistency of the verdict. The trial court, relying upon *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986), denied the motion. In addition, the court granted the defendants' motion for a judgment notwithstanding the verdict.

The plaintiff contends that the trial court erred in failing to grant a new trial because the jury's verdict was inconsistent and defectively contradictory in that the jury found that "the plaintiff was the victim of an arrest which was intentionally inspired without just cause or excuse and against his will but failed to award actual damages while awarding punitive damages."[1] Plaintiff's contention that the trial court erred in failing to grant his motion for a new trial, however, cannot be properly raised on appeal. The Supreme Court of Missouri has held: "[A] claim that a verdict is inconsistent to the point of being self-destructive must be presented to the trial court before the jury is discharged. Otherwise the claim of inconsistency will be held to have been waived."[2] *Id.* at 374.

The verdict was inconsistent in that it provided for punitive damages without the required finding of actual damage. *See Melville v. Cheryl Scott Real Estate Co.*, 664 S.W.2d 529 (Mo.App.1983). There can be no punitive damages without an award of actual damages. *Id.* The plaintiff did not request that the jury be returned for further deliberation to clear up the inconsistency in the verdict, but rather waited to raise the point in post-trial motions and on appeal. Without affording the trial court the opportunity to correct any inconsistency in the jury's verdict, plaintiff's claim of inconsistency has been waived. *Douglass*, 712 S.W.2d at 374.

In his brief, plaintiff attempts to distinguish the *Douglass* case by stating that, while the *Douglass* verdict was inconsistent, this verdict "was more than merely inconsistent or illogical but attained the level of being defective because it was contradictory in that it expressed opposite findings." This type of verdict, however, appears to be precisely the type of verdict contemplated by the *Douglass* court when it decided: "We now hold that a claim that a verdict is inconsistent *to the point of being self-destructive* must be presented to the trial court before the jury is discharged." *Id.* at 374 (emphasis added). It appears that the "self destructive" nature of the verdict is exactly what plaintiff is claiming in this case. This argument is without merit.

Plaintiff urges this court to follow a line of cases headed by *Stroud v. Govreau*, 495 S.W.2d 682 (Mo.App.1973), which apparently hold that a claim of error may be predicated upon an inconsistent verdict despite the fact that an appellant has made no request that the jury be returned. The Supreme Court of Missouri, however, has stated that such cases should no longer be followed. *Douglass*, 712 S.W.2d at 374. These cases do not, therefore, provide any support for plaintiff's argument.

Because of the result we have reached, it is unnecessary to address the issues presented by respondents in their cross-appeal. The decision of the trial court denying appellant a new trial and granting a judgment notwithstanding the verdict for the defendants is therefore affirmed.

1. Although it was not an issue in this appeal, we direct the parties' attention to our recent decision in *Stewart v. K–Mart Corporation*, 747 S.W.2d 205 (Mo.App.1988) (holding that actual malice is required for punitive damages in false arrest actions).

2. During oral argument before this court, the appellant directed our attention to *Wright v. Jasper's Italian Restaurant, Inc.*, 672 F.Supp. 424 (W.D.Mo.1987) (holding that no actual damages need to be awarded by the jury to support an award of punitive damages in "direct injury torts" such as false arrest and citing *Herberholt v. dePaul Community Health Center*, 625 S.W.2d 617 (Mo. banc 1981)). Nonetheless, the opinion, which purports to be applying Missouri *substantive* law, is inapplicable to this case because our decision is based on the *procedural* rule of *Douglass* quoted above.

STEPHAN, P.J., concurs.

SATZ, C.J., concurs in separate opinion.

SATZ, Chief Judge, concurring.

I concur in the result reached by the majority. I reach the result, however, for different reasons.

In his motion for a new trial, plaintiff asked for a "correction" of the verdict and, alternatively, asked for a new trial. In his only Point on appeal, however, plaintiff states "the [trial] court erred in failing to award [him] a new trial." Plaintiff addresses this issue in the Argument portion of his brief but merely mentions the correction of the verdict one time without argument. Therefore, on appeal, plaintiff has abandoned his request for a correction of the verdict and pursues for review only his request for a new trial. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978); *Pruellage v. DeSeaton Corp.,* 380 S.W.2d 403, 405 (Mo.1964); Rule 84.04(d).

Plaintiff was not entitled to a new trial; not, as the majority implies, because he failed to assert his basis for a new trial timely and, thus, under *Douglass v. Safire,* 712 S.W.2d 373 (Mo. banc 1986), "waived" his right to so move, but because, I believe, he had no right to a new trial to waive. Moreover, contrary to the majority's reasoning, I believe *Safire* is inapplicable here.

My disagreement with the majority turns on the meaning and scope of the statement: there can be no punitive damages without an award of actual damages. This statement, as correctly noted by the majority, is repeatedly made by our courts in Missouri, *see, e.g., Melville v. Cheryl Scott Real Estate Co.,* 664 S.W.2d 529 (Mo.App.1983); and, in making this statement, our courts are no different from courts in most other jurisdictions. *See,* Dobbs, *Remedies,* § 39

at 208 (1973); 40 A.L.R. 4th 11, *Punitive Damages—Showing of Actual* (1985). As noted by Dobbs, however, it is difficult to determine what this statement means and "hardly any of the cases provide much assistance." Dobbs, *supra* at 208. This difficulty probably derives from the ambiguity of the word "damages" [1] and also may derive from the fact that in some instances a plaintiff has no claim unless he proves damages, i.e., negligence, fraud, Prosser and Keeton, *Torts,* § 30 at 165, § 110 at 765 (5th ed.1984); while in other instances he has a valid claim for a least nominal damages even if he suffered no pecuniary harm at all, i.e., trespass to land, assault, false imprisonment,[2] Dobbs, *supra* at 192.

There is no question that punitive damages cannot be assessed without the recovery of actual damages, if actual damages are an element of the plaintiff's claim. *See, e.g., Carter v. Parr,* 634 S.W.2d 211, 214 (Mo.App.1982). This simply means no more than the plaintiff failed to prove a claim and, thus, failed to make a submissible case. *See, e.g.,* Prosser and Keeton, *supra* § 30 at 165. But plaintiff here sued defendant on false imprisonment—a claim which does not have pecuniary harm as one of its elements. *Id.* at § 11 at 48; Dobbs, *supra* at 192. Thus, the basic question here is whether plaintiff, suing for false imprisonment, is entitled to punitive damages when he has not proved actual damages.

To me, the answer is not always clear in Missouri or in other jurisdictions. However, without a detailed analysis of all of the relevant Missouri cases, I believe plaintiff here was entitled to punitive damages. *See cases collected* in Missouri Digest 2d, Damages § 87(2) (1984).

In Missouri, false imprisonment is a tort in which a plaintiff may assert and prove

---

**1.** Dobbs notes at least three different meanings of the word "damages" as used by the courts: (1) pecuniary loss, (2) substantial non-pecuniary loss, as in libel, and (3) purely nominal damages. Dobbs, *supra* at 208.

**2.** In the annotation 40 A.L.R. 4th 11, *supra,* the editor states: "when the court states ... there can be no award of punitive damages in the

absence of actual damages it is not clear whether the court means 'in the absence of proof that a legal right was involved,' 'in the absence of proof that the plaintiff sustained some loss,' 'in the absence of loss capable of measurement in dollars and cents,' or 'in the absence of an award of damages to compensate for the loss.'" *Id.* at 20.

his claim without actual damages. MAI 3rd No. 23.04. If the jury finds the plaintiff's legal right has been violated, he is entitled to nominal damages even if he shows no pecuniary harm. *See, e.g., Hoagland v. Forest Park Highland Amusement Co.*, 170 Mo. 335, 70 S.W. 878, 881 (1902). The nominal damages simply vindicate the right where there has been no actual harm. *Dobbs, supra* § 3.1 at 135.

I am aware of the statement made repeatedly by our courts that "[n]ominal damages cannot be implied by [the court]." *See, e.g., Melville v. Cheryl Scott Real Estate Co., supra* 529. I have no idea what this statement means. The cases cited to support it either do not support it, *see, e.g., Armstrong v. Republic Realty Mfg. Corp.*, 631 F.2d 1344, 1351 (8th Cir. 1980) (cited in *Melville, supra* at 524), refer to torts requiring damages as an element, *see, e.g., Stevenson v. Stevenson*, 618 S.W. 2d 719 (Mo.App.1981) (cited in *Melville, supra* at 529) or contradict it. *Id.* By finding the issues in favor of plaintiff here, the jury necessarily found plaintiff has suffered at least nominal damages. *See Hall v. Martindale*, 166 S.W.2d 594, 602 (Mo. App.1942).

Plaintiff's verdict directing instruction here did not require the jury to find damage to plaintiff as a predicate to finding his right was violated. This was proper. MAI 3rd No. 23.04. Having found for plaintiff, the jury found he suffered no actual damages. This finding, however, does not obviate plaintiff's right to nominal damages; and an award of nominal damages will support an award of punitive damages. *See, e.g., Herberholt v. DePaul Community Health Center*, 625 S.W.2d 617, 624 (Mo. banc 1981).[3]

The next question here is whether the trial court had the authority to enter nominal damages for plaintiff without the use of the jury. I think it could. Our appellate courts have had no problem entering nominal damages where the jury's award of substantial actual damages is not supported by the evidence. *See, e.g. Herberholt v. DePaul Community Health Center, supra* at 624. I know of no law or logic which requires a finding of actual damages before a court may enter nominal damages, where the party is entitled to nominal damage. *See Wright v. Jasper's Italian Restaurant, Inc.*, 672 F.Supp. 424, 426 (W.D.Mo.1987); *But see Hall v. Martindale, supra* at 603. Thus, in the present case, plaintiff was entitled to entry by the court of nominal damages, and the *Safire* case does not obviate this right of plaintiff.

In *Safire*, the Court addressed the issue of inconsistent verdicts which were mutually destructive. *See Douglass v. Safire, supra*, 712 S.W.2d at 373–74. The verdict here was inconsistent if, but only if, we apply the legal bromide—there can be no award of punitive damages without the recovery of actual damages. But, as has been demonstrated, that bromide is inapplicable to the tort here—false imprisonment; and nominal damages will support an award of punitive damages. *See, e.g. Herberholt v. DePaul Community Health Center, supra* at 624. Thus, the verdict here was not inconsistent in the sense contemplated by the court in *Safire*. *But see Hall v. Martindale, supra* 166 S.W.2d at 602–603.

*Safire* also requires that a claim of error in the verdict must be presented at a time when something can be done to correct the error. *Douglass v. Safire, supra* at 374. The error in *Safire*, however, could only have been corrected by the jury, but the error there was raised after the jury had been discharged. *Id.* In the present case, the error to be corrected could have been corrected by the trial court without the aid of the jury. Since plaintiff requested this

---

**3.** Apparently, a few courts deny an award of punitive damages where the plaintiff's only other recovery is nominal. *Stacy v. Portland Pub. Co.*, 68 ME. 279 (1878). This denial is based *upon the* common sense question: "[I]f all the individual injury is merely technical and theoretical, what is the punishment to be inflicted for?" That judge obviously never had his neighbor trespass his land by continuously, "wantonly and willfully" dragging his garbage across the judge's lawn without injuring the blades of grass. Punitive damages on those facts may be more soul satisfying than injunctive relief.

relief in his post trial motion, he should have been granted this relief.

Although plaintiff here was entitled to nominal damages and, in turn, the entry of such by the trial court, he was not entitled to a new trial, the only relief he seeks on appeal. Plaintiff's claim was submitted to the jury and the jury found in his favor. Neither the trial court in its ruling on plaintiff's post-trial motion, nor defendant at trial or on appeal contends that plaintiff failed to make a submissible case. The jury vindicated plaintiff's right but found he suffered no actual damages. He had his day in court. He should not be afforded another day and another jury. *But see Carnes v. Thompson*, 48 S.W.2d 903, 905–906 (Mo.1932).

This is not to say, however, that defendants were entitled to a judgment notwithstanding the verdict. The trial court, as noted, did not find plaintiff failed to make a submissible case. Thus, defendants would not be entitled to a judgment because plaintiff failed to make a submissible case. Moreover, in his post trial motion, plaintiff did ask for a correction of the verdict. His failure to ask for this relief before the jury was discharged, however, certainly should not entitle defendants to a judgment in their favor. *See Carnes v. Thompson, supra* at 905. Plaintiff simply did not raise nor address this issue on appeal, and, because of this procedural error, cannot rectify the entry of judgment for defendants by the trial court.

Having created this tempest in a teapot, I look forward to clear sailing in calmer weather on the Sea of Black Letter Law.