**Clement H. ALBERS, et al.,
Plaintiff-Respondent,**

v.

**HEMPHILL CONTRACTING COMPANY, INC., Defendant-Appellant.**

**No. 50393.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 16, 1987.

Application to Transfer to Supreme Court
Denied Oct. 13, 1987.

Eugene E. Eimer, St. Louis, for defendant-appellant.

Nancy M. Watkins, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Plaintiffs, the trustees of two ERISA[1] employee benefits trusts, sued defendant employer for contributions which a court-ordered compliance audit indicated defendant owed the trusts under the terms of collective bargaining agreements with Laborers Unions Nos. 42, 53, and 110. Defendant denied liability asserting that the employees for whom contributions were allegedly owed were not covered by the collective bargaining agreements. The trial court found for plaintiffs. Defendant appeals, raising four points of error, which we set forth verbatim:

1. Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 et seq.

## I.

The Trial Court erred in permitting certain testimony and permitting the introduction into evidence of certain documents, the Auditors' work papers and report, all of which were hearsay, and thereby deprived Defendant of cross-examination, greatly to the prejudice of Defendant.

## II.

The Trial Court erred in permitting a long delay between December 11, 1984 and April 18, 1985 for the conduct of the trial, and in the interim period of delay allowing additional discovery in the form of interrogatories and production of documents.

## III.

The Trial Court erred because the judgment of the Court, and the Findings of Fact by the Court has (sic) no substantial evidence to support them, after evidence which was improperly admitted is eliminated.

## IV.

The Trial Court erred in finding and applying the law in regard to the Collective Bargaining agreements and in finding and concluding that contributions on behalf of every laborer are required regardless of that laborer's union membership.

■ Rule 84.04(d) provides that points relied on "shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous." None of defendant's points meets the Rule's requirements. Though each asserts the trial court erred, none designates a specific action or ruling of the trial court as erroneous. The bare allegation that the trial court erred "in permitting certain testimony", or "in permitting a long delay", or "in finding and applying the law", is plainly inadequate, not only because it fails to identify the offending action or ruling but also because it fails to indicate that defend-

ant timely and adequately opposed the action or ruling at trial. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). The points are further deficient for their failure to state why the trial court's (unspecified) actions or rulings were erroneous and wherein, or in what particular or respect, the record of trial supports the action defendant would have had the trial court take. *Id.* Thus defendant leaves us to glean the "what, wherein, and why" of its appeal from rambling, desultory arguments that are conspicuously bereft of citations to the record of trial. We might decline the challenge. *Id.* Our independent review of the record persuades us, however, that the trial court did not err in its disposition of the case and we address *ex gratia* the issues defendant attempts to raise.

## I.

Having determined defendant was party to collective bargaining agreements that obligated it to make contributions to plaintiffs "for each actual hour worked by each employee covered" by the agreements, and having found defendant was delinquent in said obligations, the trial court entered an interlocutory order directing defendant to submit to an audit. The audit was performed by Claire Burgundy and Susanna Messmer, accountants with the certified public accounting firm of Main Hurdman. At trial, Susanna Messmer testified that she and Ms. Burgundy relied on two sources of information to prepare their reports. These were (i) the reports of contributions defendant submitted to plaintiffs and (ii) the covered employees' rates of pay, as evidenced by defendant's payroll records, personnel files, and notations on the earnings records. With Ms. Messmer's testimony as foundation, plaintiffs offered the work papers and audit reports of both accountants as evidence of defendant's contribution deficiencies. Defendant objected that Ms. Burgundy's work papers and report were hearsay and lacked adequate foundation. The objection was overruled.

In its first point defendant asserts that because Ms. Burgundy did not testify at

trial, her work papers and audit report lacked adequate foundation and were inadmissible hearsay. Defendant is wrong.

■ The audit report to which defendant objects is a summary of information Ms. Burgundy and Ms. Messmer extracted from defendant's own business records. A summary of voluminous records may properly be admitted into evidence if the summary's proponent establishes that the records upon which the summary is based are themselves admissible in evidence and available to the opposing party for inspection. *Killian Construction Company v. Tri-City Construction Company,* 693 S.W. 2d 819, 834 (Mo.App.1985); *State of Missouri ex rel State Highway Commission v. Cone,* 338 S.W.2d 22, 26 (Mo.1960). Because defendant's business records were obviously readily available to defendant for inspection, and because these records would themselves have been admissible in evidence as records "made in the regular course of business" within the meaning of § 490.680, RSMo 1978, we conclude that the audit reports, which digest certain information contained in these records, were admissible as summaries.

■ Defendant argues, however, that even if the audit reports are summaries, only Claire Burgundy could properly have established the foundation for the report she prepared. We disagree. When an expert (in this case, Ms. Messmer) testifies on the basis of information compiled by someone else, we see no reason to exclude the information simply because the expert is unfamiliar with certain details surrounding its compilation. Questions defendant raised regarding alleged imperfections in Ms. Burgundy's report, which it asserts Ms. Messmer could not adequately explain because she did not prepare the report herself, should be directed to the weight and sufficiency of the proffered evidence rather than to its admissibility. To hold otherwise, we believe, would require a party in plaintiffs' position to offer as witnesses all of the numerous current and former employees who might participate in an audit. We can preceive no reason for such a rule.

■ Turning to defendant's contention that Ms. Burgundy's work papers are hearsay, we concede they are. Their character as hearsay, however, does not automatically render them inadmissible. It is, after all, proper to allow into evidence hearsay that is otherwise trustworthy and necessary for the purpose of providing the foundation for an expert opinion, such as the one offered by Ms. Messmer. *Liberty Financial Management Corporation v. Beneficial Data Processing Corporation,* 670 S.W.2d 40, 54 (Mo.App.1984). The work papers at issue here digest the sort of information experts in Ms. Messmer's field usually rely on. We conclude the work papers were properly admitted. Defendant's first point is denied.

## II.

Defendant next asserts the trial court abused its discretion when, upon plaintiffs' motion, it ordered defendant to answer plaintiffs' interrogatories and produce its payroll records for plaintiffs' inspection. Defendant complains that the motion was untimely because plaintiffs filed it after trial had commenced. Defendant fails, however, to direct us to the specific page in the record that indicates this complaint was presented to the trial court. We are not obliged to seek it out, *Bays v. Jursch,* 340 S.W.2d 430, 433 (Mo.App.1960), but having gratuitously undertaken the search, we are satisfied there is no such page. We will not consider matters dehors the record. *Browning-Ferris Industries of Kansas City, Inc. v. Dance,* 671 S.W.2d 801, 807 (Mo.App.1984). Point Denied.

## III.

In its third point defendant asserts that "(e)liminating the auditors' work papers and report from evidence and striking all testimony relating to them leaves the Plaintiffs with no substantial evidence to support a judgment." Perhaps. But we have already determined that the auditors' work papers and reports were properly admitted into evidence. Defendant's third point is denied as moot.

## IV.

Finally defendant asserts the trial court erred when it determined defendant was required to make contributions to plaintiffs on behalf of all its laborers regardless of union membership. Each of the collective bargaining agreements involved here specifically states that the union is to be sole collective bargaining agency for building laborers employed by defendant. None of the agreements distinguishes between union and non-union building laborers. Both groups are therefore covered by the agreement and defendant was obligated to make contributions on their behalf. *Carpenters and Millwrights Health Benefit Trust Fund v. Gardineer Dry Walling Co.*, 573 F.2d 1172, 1177 (10th Cir.1978).

The judgment is affirmed.

GARY M. GAERTNER, P.J., and DOWD, J., concur.