Tom and Shirley **BUTTRAM, d/b/a Buttram Motors, Respondents,**

v.

**AUTO–OWNERS MUTUAL INSURANCE COMPANY, Appellants.**

**No. WD 40900.**

Missouri Court of Appeals, Western District.

Feb. 21, 1989.

Darwin E. Johnson, Kansas City, for appellants.

Leonard K. Breon, Breon & Leffler, Warrensburg, for respondents.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Tom and Shirley Buttram filed suit against Auto–Owners Mutual Insurance Company to recover for damages they sustained from hail to a number of automobiles owned by them in their used car business.

The court entered judgment on a jury verdict in favor of the Buttrams. Auto–Owners contends the court erred in overruling their motion for directed verdict at the close of plaintiff's case and their motion for directed verdict at the close of all evidence, in giving an instruction, and in failing to grant a new trial because the verdict was against the weight of the evidence. Affirmed.

In their original petition the Buttrams attached a copy of the policy issued by Auto–Owners, alleged the hail damage and prayed for damages. The policy required the Buttrams to make monthly reports to the company giving the value of the inventory of used cars each month. The premium was to be billed monthly on the basis of the inventory.

An amended petition was filed in which the Buttrams alleged that Auto–Owners was estopped from asserting any policy defense for failure of the Buttrams to make monthly reports as to their inventory because Auto–Owners had actual notice that the reports had not been filed and had continued to bill Buttrams for premiums, although not monthly, without receiving the monthly reports.

At trial the Buttrams introduced the testimony of Auto–Owners underwriting manager who testified that it was the company's obligation to see that reporting forms on the Buttrams inventory were timely submitted, but that the company had never

complained about the failure to receive such reports. The manager further stated that he had implicitly modified the policy provision to eliminate monthly reporting because the Buttrams business was so small that it was not economically feasible to compel monthly reports.

The significance of the monthly reports is grounded in a policy provision that the company would not pay for any loss in excess of the proportion which the insured last reported as his inventory prior to the loss, bore to the actual cash value of his inventory on the date of the loss when a report was delinquent.

The parties stipulated that if the Buttrams were required to file a monthly report giving the value of their inventory, the recovery under the policy would be limited to $7,051.62. If they were not required to file monthly reports they would be entitled to receive $33,739.79. By its verdict the jury found the Buttrams to be entitled to the larger amount.

The parties stipulated that Auto–Owners had previously paid Buttrams $7,051.62 so that if the jury found that to be the only amount owed the Buttrams, that amount had previously been paid. The actual amount in dispute was the difference between the $7,051.62 and $33,739.70 or $26,684.17. The Buttrams admitted that they had failed to file the monthly reports.

■ Auto–Owners first contends the court erred in failing to grant a new trial because it was entitled to a directed verdict at the close of the Buttrams case or was entitled to a directed verdict at the close of all the evidence in view of the fact Auto–Owners introduced evidence.

With reference to the allegation of error in overruling Auto–Owners motion for directed verdict at the close of the Buttrams case, it is firmly established that when a party introduces evidence after it moves for a directed verdict at the close of the other parties case, the party has waived any right to appellate review of the ruling on the motion. *McRaven v. F–Stop Photo Labs, Inc.*, 660 S.W.2d 459, 460[1] (Mo.App. 1983).

The only post-judgment motion filed by Auto–Owners was a motion for new trial which was filed pursuant to Rule 78.01. Auto–Owners complains that the court erred in denying it a new trial on the ground that Auto–Owners was entitled to a directed verdict at the close of all the evidence. Rule 72.01(b) provides that a party who has moved for a directed verdict at the close of all the evidence, which has been denied, may move within fifteen days after judgment to have the verdict and judgment set aside and to have judgment entered in accordance with the motion. As noted, Auto–Owners did not file a motion for judgment notwithstanding the verdict, but only filed a motion for new trial. In *School District of Independence v. U.S. Gypsum*, 750 S.W.2d 442, 445–46[1] (Mo. App.1988), this court held that a motion for judgment notwithstanding the verdict "presents the same question as a motion for directed verdict at the close of all the evidence; i.e., whether the plaintiff made a submissible case." In *Lifritz v. Sears, Roebuck and Company*, 472 S.W.2d 28, 33 (Mo.App.1971), the court held that if a plaintiff failed to make a submissible case the defendant was not entitled to a new trial but was entitled to have judgment notwithstanding the verdict. In *Alderson v. Clark Oil & Refining Corp.*, 637 S.W.2d 84, 88[34] (Mo.App.1982), this court held the failure to make a submissible case is not ground for a new trial but is only ground for a judgment notwithstanding the verdict.

From these cases it is clear that a motion for a directed verdict at the close of all the evidence presents the question of whether or not the plaintiff has made a submissible case. Under Rule 72.01(b) a party who has moved for a directed verdict at the close of all the evidence may file a motion for judgment notwithstanding a verdict. That motion raises the same question as the motion for directed verdict and brings into question whether or not the plaintiff made a submissible case. If the plaintiff did not make a submissible case, then the defendant is not entitled to a new trial, but is only entitled to judgment notwithstanding the verdict. To hold that a defendant could request

only a new trial on the ground that its motion for directed verdict at the close of all the evidence was denied would create the anomalous situation of a defendant requesting a new trial even though it contended it was entitled to judgment as a matter of law. For that reason this court held in *Alderson* that the failure to make a submissible case is not ground for a new trial but is only ground for an entry of judgment notwithstanding the verdict. Thus, the contention that the court erred in failing to grant Auto–Owners' motion for directed verdict at the close of all the evidence contained in a motion for a new trial does not present any ground for appellate review.[1]

■ Auto–Owners next contends that an instruction given by the Buttrams which allowed the jury to find that Auto–Owners altered the terms of the policy so that the Buttrams were not required to submit monthly inventory reports was erroneous, because the petition alleged only the issuance of the insurance contract and the instruction allowed the jury to decide the case on a different theory from that pleaded. This argument overlooks the filing of the amended petition and also overlooks the evidence by its own underwriting manager which would allow the jury to find that the policy had been modified. Rule 55.33(b) provides that issues not raised by the pleadings which are tried by express or implied consent of the parties shall be treated in all respects as if they had been raised in the pleadings. The rule further provides that the pleadings may be amended to conform to the evidence but the failure to amend does not affect the result of the trial on those issues. Here, the evidence showed that Auto–Owners had considered the policy modified to eliminate the filing of the monthly reports. That issue

was before the jury without objection. Under Rule 55.33(b) the instruction which allowed the jury to find that the policy had been amended was proper.

■ Auto–Owners further contends that the verdict was against the weight of the evidence. The weighing of the evidence in a jury case is only for the trial court and that contention does not present any matter for appellate review. *Sample v. Witt*, 712 S.W.2d 394, 397[4] (Mo.App.1986).

The judgment is affirmed.

All concur.

---

1. Under Rule 72.01(b) a motion for new trial may be joined with a motion for judgment notwithstanding the verdict but it is prayed for in the alternate as the two motions are distinct. The motion for new trial is required to raise grounds that would entitle a party to a new trial. As explained, an allegation that the court erred in failing to grant a new trial because the court should have granted a motion for a directed verdict at the close of all of the evidence does not state a ground for new trial. It only states a ground for judgment notwithstanding the verdict and must be raised in a motion seeking that relief and not in a motion for new trial. A motion for new trial joined with a motion for judgment notwithstanding the verdict should raise issues of trial error which would constitute grounds for a new trial rather than grounds stating the pleader is entitled to judgment as a matter of law.