Sayad KHAN, Appellant,

v.

Dianna GUTSGELL, Respondent.

No. ED 78508.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 2001.

Kurt E. Wolfgram, Eric O. Wolfgram, Law Offices of Kurt Wolfgram, St. Louis, for appellant.

T. Robert Cook, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Plaintiff-appellant Sayad Khan ("plaintiff") appeals from a judgment entered on a jury verdict in favor of defendant-respondent Dianna Gutsgell ("defendant").[1] Plaintiff's suit arose from a vehicle/pedestrian accident. In his sole point on appeal, plaintiff contends that he is entitled to a new trial because the trial court erred in allowing a police officer to testify regarding her conclusion that defendant was not at fault in the accident. We hold as follows: (1) that plaintiff adequately objected to defense counsel's questions designed to elicit the officer's opinion regarding the defendant's lack of fault and therefore preserved the issue for appeal; and, (2) that the officer's testimony was inadmissible and prejudicial to the plaintiff. Accordingly, we reverse and remand.

*Factual and Procedural Background*

On June 11, 1992, plaintiff was walking along Grand Boulevard in the City of St. Louis. Plaintiff testified that as he arrived at the intersection of Grand and Russell Boulevard, he noticed that the traffic light was green and proceeded into the demarcated pedestrian crosswalk. After entering the crosswalk, he was struck by the front bumper of defendant's car. Defendant pulled over, parked her car and called the police on her cellular phone.

St. Louis City Police Officer Valerie Mitchell arrived at the scene several minutes after defendant reported the accident. Officer Mitchell did not witness the accident or the actions of plaintiff or defendant leading up to the accident. However, she took statements from both parties and filled out a police report. In her report, Officer Mitchell concluded that defendant did not contribute to the accident. No citations were issued.

The case was tried on June 19–20, 2000, in the Circuit Court of the City of St. Louis. The record reflects that prior to trial, defendant consented to plaintiff's motion *in limine* that defendant, *inter alia,* refrain from referring in any manner to "evidence concerning the police officer's belief or disbelief of the Plaintiff's account of the incident, including, but not limited to, the non-issuance of a citation to the Defendant." Nonetheless, on cross-examination defense counsel referred Officer Mitchell to her report and asked if "Ms. Gutsgell did anything to contribute to this accident." Plaintiff's counsel objected on the ground that Officer Mitchell's testimony would call for an "opinion." The trial court overruled this objection. Defense counsel then asked Officer Mitchell essentially the same question. Plaintiff's counsel again objected, this time on the ground that Officer Mitchell lacked any foundation for a response because she did not person-

1. Defendant has declined to file a brief on appeal. Although there is no requirement that a respondent file an appellate brief, we encourage attorneys practicing before this court to do so. Filing an appellate brief provides counsel, and most importantly the client, a vitally important opportunity to apprise the court of their position and relevant authority. This Court is an impartial arbiter, not an advocate for those who decline to argue their position on appeal.

ally witness the accident. This objection was also overruled. Officer Mitchell then testified that in her report, she concluded that defendant provided no "probable and contributing circumstances" to the accident. Perhaps realizing the importance of Officer Mitchell's testimony, defense counsel repeated and re-emphasized Officer Mitchell's opinion testimony during closing argument. The jury ultimately returned a verdict in favor of defendant.

On July 19, 2000, plaintiff filed a motion for new trial. In his motion, plaintiff restated the same objections to Officer Mitchell's testimony as he had made at trial. Plaintiff also alleged that the testimony was inadmissible and prejudicial. The trial court overruled the motion on September 12, 2000. This appeal followed.

*Discussion*

A. *Preservation of the Issue on Appeal.*

Although defendant has declined to file a brief and has therefore not raised the issue, we nonetheless must determine whether plaintiff has preserved his objections to Officer Mitchell's testimony for our review.

In order to preserve an evidentiary issue for appellate review, a party must offer a specific objection apprising the trial court of which rule of evidence is being invoked and why that rule should exclude a responsive answer. *Bailey v. Valtec Hydraulics, Inc.,* 748 S.W.2d 805, 808 (Mo.App. E.D.1988). Missouri courts have utilized different language in establishing the level of precision with which an objection must be stated. For instance, some courts have stated that an objection is adequate for preservation purposes if it is "sufficiently clear and definite." *See Cole v. Goodyear Tire & Rubber Co.,* 967 S.W.2d 176, 183 (Mo.App. E.D.1998); *Refrigeration Industries, Inc. v. Nemmers,*

880 S.W.2d 912, 919 (Mo.App. W.D.1994). Others have held that the objecting party must make the basis of their objection "reasonably apparent." *Reed v. Director of Revenue,* 834 S.W.2d 834, 836–37 (Mo. App. E.D.1992). Yet another formulation is whether the objection as stated was sufficient to make the court "cognizant" of the basis for the objection. *Brookman v. General Safety & Security, Inc.,* 600 S.W.2d 100, 103 (Mo.App. E.D.1980). We note that none of these tests requires counsel to state the basis for their objection with mathematical precision. Instead, the focus is on whether the stated objection gives opposing counsel and the trial court reasonable grounds upon which to either rephrase the question or correctly rule on the objection.

Assuming a proper objection is made, the party must then set forth the same objection in their motion for new trial and in their appellate brief. *M.C. v. Yeargin,* 11 S.W.3d 604, 617 (Mo.App. E.D. 1999). The party may not advance a new objection on appeal. *Rogers v. B.G. Transit Corp.,* 949 S.W.2d 151, 153 (Mo.App. S.D.1997). Nor may the party alter or broaden the scope of the objection on appeal. *Id.*

We hold that plaintiff satisfied each of the steps necessary to preserve his objection to defense counsel's questions to Officer Mitchell regarding her conclusion that defendant was not at fault. First, plaintiff's counsel made two timely and specific objections at trial. Although plaintiff's objection on the ground that the question called for inadmissible opinion testimony could have been more specific, we recognize that in the midst of trial, counsel does not have the luxury of calm reflection and studious attention to every detail. Moreover, courts in Missouri and elsewhere have repeatedly held that an investigating officer who was not an eye-

witness may not properly state his or her opinion as to which of the parties was at fault in causing a traffic accident. *See Chester v. Shockley*, 304 S.W.2d 831, 835 (Mo.1957); *Stucker v. Chitwood*, 841 S.W.2d 816, 819–820 (Mo.App. S.D.1992); 69 A.L.R.2d 1148, 1960 WL 13120. Accordingly, where, as here, the law provides that a certain type of opinion testimony is inadmissible and counsel so objects, we find it immaterial that counsel did not offer a hornbook exposition on the precise basis for his or her objection. Given the longstanding legal precedent prohibiting such opinion testimony and the context in which the objection was made, we find that plaintiff's objection to defense counsel's line of questioning was "sufficiently clear and definite" to apprise opposing counsel and the trial court of the grounds for the objection.

Similarly, plaintiff's counsel also objected to Officer Mitchell's testimony on the ground that she lacked a foundation to offer her opinion regarding defendant's lack of fault. Counsel specified the precise foundational requirement that was lacking in Officer Mitchell's testimony, namely the fact that she did not personally witness the accident. Again, we note that Missouri courts have uniformly held that a police officer, especially if he or she did not witness the accident, cannot offer an opinion as to the fault of a party to the accident. *Stucker v. Chitwood*, 841 S.W.2d at 819–820.

In addition to making adequate objections at trial, plaintiff's counsel also restated his objections to Officer Mitchell's testimony in his motion for new trial and appellate brief. Accordingly, we hold that the objections to Officer Mitchell's opinion testimony and the lack of foundation therefor are preserved for appeal.

B. *The Prejudicial Effect of Officer Mitchell's Inadmissible Testimony.*

Having concluded that plaintiff's objections are preserved for appeal, we must now assess whether Officer Mitchell's testimony was prejudicial.

 A determination of prejudice by the erroneous admission of evidence depends largely upon the facts and circumstances of the particular case. *Chester v. Shockley*, 304 S.W.2d 831, 835 (Mo.1957). The appropriate question then is whether the erroneously admitted evidence had any reasonable tendency to influence the verdict of the jury. *Id.* In the instant case, there are a number of factors that indicate plaintiff was indeed prejudiced by the admission of Officer Mitchell's testimony regarding her conclusion that defendant did not contribute to the accident.

 First and foremost, Officer Mitchell was presented to the jury as an impartial, trained and experienced officer responsible for the police investigation of the accident. Missouri courts have long recognized that a jury will likely give undue weight to an investigating officer's assessment of the relative degree of fault of the parties in a traffic accident. *Chester v. Shockley*, 304 S.W.2d at 835; *Stucker v. Chitwood*, 841 S.W.2d at 820. In a case such as this, it is simply not an officer's duty or province to offer an opinion regarding civil liability. *Id.*

Second, Officer Mitchell was the first witness at trial and was placed on the stand by plaintiff. *See Chester v. Shockley*, 304 S.W.2d at 835. By calling Officer Mitchell as a witness, plaintiff was endorsing her credibility. *Id.* The erroneously admitted evidence was thus put before the jury at the beginning of trial, when they were forming their initial impressions of the merits of the case. Furthermore, defense counsel then reiterated and re-em-

phasized Officer Mitchell's testimony during his closing argument. We conclude that the jury's perception of plaintiff's case was prejudiced by Officer Mitchell's testimony.

For the foregoing reasons, we hold that Officer Mitchell's inadmissible testimony had a reasonable tendency to influence the verdict and therefore prejudice plaintiff's case. The judgment is therefore reversed and the case remanded to the trial court for a new trial.

GARY M. GAERTNER, Sr., J., and CLIFFORD H. AHRENS, J., concur.