**Mary Jenice ANDERSEN, Appellant**

**v.**

**Mike A. BOGGS, Respondent.**

**No. 27614.**

Missouri Court of Appeals, Southern District, Division One.

April 23, 2007.

Eric M. Belk, Brad Bradshaw, Springfield, for plaintiff.

Jerry L. Reynolds, Springfield, for respondent.

Before RAHMEYER, P.J., PARRISH and SCOTT, JJ.

PER CURIAM.

Mary Jenice Andersen (plaintiff) appeals a judgment rendered in favor of Mike Boggs (defendant) in an action she brought for personal injuries sustained in an auto-

mobile accident involving a motor vehicle in which she was a passenger and another vehicle operated by defendant. This court affirms.

Defendant filed a motion by which he seeks dismissal of plaintiff's appeal for various reasons, including failure to comply with briefing requirements imposed by Rule 84.04. The motion was taken with the case. It asserts, among other things, that plaintiff's two points on appeal do not comply with Rule 84.04(d). This court finds defendant's motion regarding non-compliance with Rule 84.04(d) determinative.

"[P]oints relied on that fail to comply with the requirements of Rule 84.04(d) present nothing for appellate review." *Kline v. Casey's General Stores, Inc.*, 998 S.W.2d 140, 142 (Mo.App.1999).

> Rule 84.04(d)(1) states requirements for points relied on in cases in which review is sought of a decision of a trial court. It provides that each point shall:
>
> (A) identify the trial court ruling or action that the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error.* ]."

*Rushing v. City of Springfield*, 180 S.W.3d 538, 539 (Mo.App.2006). Additionally, as *Richter v. Kirkwood*, 111 S.W.3d 504 (Mo. App.2003), explains:

> "In order to preserve a point for appellate review the point raised on appeal must be based upon the theory of the objection as made at the trial and as preserved in the motion for new trial." *State v. Ball*, 622 S.W.2d 285, 291 (Mo. App.1981). *See also Khan v. Gutsgell*, 55 S.W.3d 440, 442 (Mo.App.2001) ("Assuming a proper objection is made, the party must then set forth the same objection in their motion for new trial and in their appellate brief.").

*Id.* at 510.

Plaintiff's first point on appeal states:

> The trial court erred in allowing evidence of [plaintiff's] use of Vioxx and her family medical history when no medical expert testified that these matters were relevant to the development of the injuries she claimed because [plaintiff's] Vioxx usage and family medical history were legally irrelevant in that issues of complex medical causation require expert testimony and absent expert medical testimony, these matters were more likely to confuse and mislead the jury concerning the cause of her development of a dissected carotid artery and eventual stroke than to prove any fact in issue.

Neither the text of Point I nor the argument portion of plaintiff's brief directed to Point I identifies a particular part of the record on appeal to which the complaint regarding "evidence of [plaintiff's] use of Vioxx and her family medical history" is directed. Plaintiff has identified no place in the trial record where she objected to that evidence.[1] Defendant's motion

1. The trial transcript reflects a pretrial discussion of a motion in limine directed to several issues, one of which the trial judge identified as "[a]ny comment or evidence concerning

to dismiss is granted as to Point I for failing to identify a particular ruling or action that has been perfected for purposes of appellate review. Point I is dismissed.

Plaintiff's second and final point on appeal suffers the same defects as Point I. Point II does not identify a particular part of the record on appeal about which it complains nor does it assert a particular ruling or objection at trial that it claims was error. Point II states:

> The trial court erred in admitting a judicial opinion from Tennessee finding that Rahman Shane, M.D., a treating physician [plaintiff] called to testify at trial, was not qualified to testify concerning the standard of care in a Tennessee medical negligence case, because the opinion was (a) hearsay and (b) was legally irrelevant in that (a) it was not a decision of a Missouri court or a court otherwise having any precedential effect in Missouri, and (b) the Tennessee opinion had no probative value to the issues at hand as it addressed Dr. Shane's knowledge of a local standard of care and had nothing to do with his credibility in general or the particular issues in this case, and as such the admission of the Tennessee trial court ruling could serve only to confuse and mislead the [sic] as to the weight to give Dr. Shane's opinions.

Plaintiff gives this court no clue as to what in the record she bases her claim that "a judicial opinion from Tennessee" was admitted. Having nothing but a bare assertion that erroneous evidence was given in the case, plaintiff's Point II does not comply with requirements of Rule 84.04(d). A bare allegation that the trial court erred in permitting certain evidence is inadequate. It fails to identify the offending ruling and fails to indicate that the complaining party timely and adequately opposed the ruling at trial. *See Eagleburger v. Emerson Elec. Co.,* 794 S.W.2d 210, 221 (Mo.App.1990). *See also Albers v. Hemphill Contracting Co., Inc.,* 740 S.W.2d 660, 662 (Mo.App.1987). Plaintiff's motion to dismiss for failure to comply with Rule 84.04 is granted as to Point II. Point II is dismissed. No issue having been preserved for this court's review, the judgment is affirmed.

the plaintiff's use of Vioxx." It was overruled. "Following denial of a motion in limine, a party must object at trial to preserve for appellate review the point at issue." *State ex rel. Missouri Highway and Transp. Com'n. v. Vitt,* 785 S.W.2d 708, 711 (Mo.App.1990).