MARQUIS FINANCIAL SERVICES OF INDIANA INC., d/b/a Marquis Financial Services, Inc., Plaintiff/Respondent,

v.

Frederick J. PEET, Jr.,
Defendant/Appellant,

and

Steven W. Koslovsky, and Steve Koslovsky, LLC,
Defendants.

No. ED 96678.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 2012.

Robert P. Berry, Jessica W. Kennedy, Ravi K. Nangia, Berry & Maxson, LLC, St. Louis, MO, for appellant.

Michael B. Katz, MBK and Associates, LLC, St. Louis, MO, for respondent.

Brent W. Baldwin, The Baldwin Law Group, St. Louis, MO, for defendants Steven W. Koslovsky and Steve Koslovsky.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff, Marquis Financial Services (Marquis), filed a lawsuit against defendant Frederick J. Peet, Jr., M.D., and his attorney. After the claims against Dr. Peet's attorney were disposed of by dismissal and summary judgment, the case was submitted against Dr. Peet alone on theories of fraud (Count VII) and unjust enrichment (Count VI). The jury returned verdicts in Marquis's favor. The jury assessed $0 in actual damages and $500,000 in punitive damages on the fraud count. The jury assessed $431,034.14 in actual damages and $38,793.07 in interest on the unjust enrichment count. The trial court entered judgment for Marquis in the amounts of $431,034.14 in actual damages, $38,793.07 in interest, and $500,000 in punitive damages. We reverse the award of punitive damages and remand for entry of judgment notwithstanding the verdict on the fraud count. In all other respects, we affirm.

## DISCUSSION

### I. *Preservation of Error*

Dr. Peet's first five points on appeal each claim error in the denial of his Motion for Directed Verdict and Motion for JNOV[1] or, in the alternative, a New Trial. His sixth point asserts error in the denial of his Motion in Limine and Motion for JNOV or, in the alternative, a New Trial. We first consider whether all of these points are preserved for review.

A. *Error in Denial of Motions for Directed Verdict and JNOV/New Trial*

---

1. Motion for judgment notwithstanding the verdict.

"The purpose of motions for directed verdict and JNOV is to 'challenge the submissibility of the plaintiffs case.'" *Newell Rubbermaid v. Efficient Solutions,* 252 S.W.3d 164, 170 (Mo.App.2007) (quoting *Coon v. Dryden,* 46 S.W.3d 81, 88 (Mo.App.2001)). "'A case is not to be submitted to the jury unless each fact essential to liability is predicated upon legal and substantial evidence.'" *Newell Rubbermaid,* 252 S.W.3d at 170 (quoting *Coon,* 46 S.W.3d at 88). Rule 72.01(a) requires a motion for a directed verdict to "state the specific grounds therefore." If a motion for directed verdict fails to comply with the requirements of Rule 72.01(a), then it "neither presents a basis for relief in the trial court nor preserves the issue in the appellate court." *Howard v. City of Kansas City,* 332 S.W.3d 772, 790 (Mo. banc 2011); *see also Pope v. Pope,* 179 S.W.3d 442, 451 (Mo.App.2005) (en banc); *Letz v. Turbomeca Engine Corp.,* 975 S.W.2d 155, 163–64 (Mo.App.1997) (en banc). Mere conclusions and "bare generalities" are insufficient to preserve an error for our review. *Pope,* 179 S.W.3d at 452–54, 459.

If a defendant presents evidence after the denial of its motion for a directed verdict at the close of plaintiff's evidence, the defendant waives any error in the trial court's denial of the motion at the close of plaintiff's evidence. *Polovich v. Sayers,* 412 S.W.2d 436, 438 (Mo.1967); *Senu–Oke v. Modern Moving Sys., Inc.,* 978 S.W.2d 426, 431–32 (Mo.App.1998). In order to preserve a ground for directed verdict that is contained in a motion for directed verdict at the close of plaintiff's evidence, the defendant must reassert it in the motion for directed verdict at the close of all the evidence. *Goede v. Aerojet General Corp.,* 143 S.W.3d 14, 18 (Mo.App.2004).

A sufficient motion for directed verdict at the close of all the evidence is required to preserve an issue for a motion for JNOV. *Id.* If the motion for directed verdict is insufficient, a "subsequent post-verdict motion is without basis and preserves nothing for review." *Howard,* 332 S.W.3d at 790; *Pope,* 179 S.W.3d at 451.

Accordingly, a defendant's failure to file a motion for directed verdict which states the specific grounds therefor not only precludes the defendant 'from obtaining a judgment notwithstanding the verdict in its favor,' but also 'further precludes it from obtaining appellate review of the trial court's failure to enter judgment notwithstanding the verdict[.]' *Id.* at 457 (quoting *Hatch v. V.P. Fair Foundation, Inc.,* 990 S.W.2d 126, 137–38 (Mo.App.1999)). A party cannot save a defective motion for directed verdict by making specific allegations in the motion for JNOV. *Pope,* 179 S.W.3d at 457–58.

Finally, a motion for a new trial is not an appropriate motion for challenging the denial of a directed verdict at the close of all the evidence and does not present any ground for appellate review. *Buttram v. Auto–Owners Mut. Ins. Co.,* 779 S.W.2d 1, 2–3 (Mo.App.1989). If a plaintiff did not make a submissible case, the defendant is only entitled to judgment notwithstanding the verdict, not a new trial. *Id.*

In light of these principles, we address points one and three. For the reasons that follow, these points were not preserved.

1. *Res Judicata/Collateral Estoppel (Point I)*

Dr. Peet's first point asserts that the trial court erred in denying his Motion for Directed Verdict and Motion for JNOV or, in the alternative, a New Trial because collateral estoppel and res judicata barred Marquis's claim, or the claim was an improper attack on the original default judg-

ment. Dr. Peet's written motion for a directed verdict at the close of all the evidence did not assert a right to a directed verdict on his affirmative defenses of res judicata and collateral estoppel, or because the petition was an improper attack on the original default judgment. Likewise, in his oral motion for directed verdict at the close of all the evidence, Dr. Peet did not seek a directed verdict on any of these defenses. Because these issues were not raised in either the oral or written motions for directed verdict at the close of all the evidence, they were not preserved and could not be preserved by the motion for JNOV or alternate motion for a new trial. *See Howard*, 332 S.W.3d at 790–91; *Pope*, 179 S.W.3d at 452–53, 457–58. Point one is denied.

2. *Unjust Enrichment (Point III)*

 For his third point, Dr. Peet asserts that the trial court erred in denying his Motion for Directed Verdict and Motion for JNOV or, in the alternative, a New Trial because there was no evidence to establish unjust enrichment. In his written motion for directed verdict at the close of all the evidence, Dr. Peet did not assert any claim for a directed verdict on the unjust enrichment count. In his oral motion for directed verdict at the close of all the evidence, Dr. Peet's counsel discussed the insufficiency of the evidence of fraud, but did not discuss the insufficiency of the evidence of unjust enrichment. Rather, with respect to unjust enrichment, counsel merely stated, "This Court should enter a judgment for Dr. Peet and against Marquis on Count VI of [Marquis's] petition, Marquis' count for unjust enrichment." Dr. Peet's bare assertion that the trial court should enter judgment in his favor on the unjust enrichment count without specifying the grounds therefore is insufficient to comply with Rule 72.01 and preserves nothing for our review. *Howard*,

332 S.W.3d at 790–91; *Pope*, 179 S.W.3d at 452–53, 459; *see* Rule 72.01(a). Since Dr. Peet did not specify the grounds on which he sought a directed verdict on the unjust enrichment count, this claim is not preserved and cannot be preserved by his motion for JNOV or new trial. *See Howard*, 332 S.W.3d at 790–91; *Pope*, 179 S.W.3d at 452–53, 457–58. Point two is denied.

B. *Error in Denial of Motion in Limine*

 Dr. Peet's sixth point contends that the trial court erred in denying his Motion *In Limine* and Motion for JNOV or, in the alternative, a New Trial. To preserve an issue that evidence was improperly admitted, it is not enough for a party to rely solely on the ruling denying a motion in limine. "Rulings on motions in limine are interlocutory and subject to change during the course of the trial." *Hancock v. Shook*, 100 S.W.3d 786, 802 (Mo. banc 2003) (quoted in *Peters v. General Motors Corp.*, 200 S.W.3d 1, 15 (Mo. App.2006)). "A motion in limine, by itself, preserves nothing for appeal." *Hancock*, 100 S.W.3d at 802; *Peters*, 200 S.W.3d at 15. *See also Wilkerson v. Prelutsky*, 943 S.W.2d 643, 646 (Mo. banc 1997).

 To preserve an evidentiary issue for appeal after the denial of its motion in limine, a party is required to object at trial to the introduction of the evidence and to reassert the objection in post-trial motions. *Peters*, 200 S.W.3d at 15. Further, the point relied on should identify the court's ruling on the objection as the error. *See Andersen v. Boggs*, 219 S.W.3d 818, 819–820 (Mo.App.2007); *Eagleburger v. Emerson Elec. Co.*, 794 S.W.2d 210, 221 (Mo.App.1990). A point relied on that refers only to a ruling on a motion in limine is deficient. *Wilkerson*, 943 S.W.2d at 647.

If the point does not impede disposition on the merits, we may review the point. *Id.*

Here, Dr. Peet does not identify an objection to evidence and a ruling thereon in his point relied on. Moreover, in his argument under this point, Dr. Peet never indicates when the evidence of which he complains was offered at trial, that he objected to it at trial, or that the trial court ruled on any objection. His argument only discusses the denial of his motion in limine. As a result, he has not identified any erroneous ruling of the trial court that has been preserved for appeal. Review on the merits in this situation is not available. *See Andersen,* 219 S.W.3d at 819–20; *Henderson v. Fields,* 68 S.W.3d 455, 469 (Mo.App.2001). Point six is denied.

## II. *Punitive Damages (Points IV and V)*

■ In his fourth and fifth points, Dr. Peet asserts that the trial court erred in denying his motion for Directed Verdict and Motion for JNOV, or in the alternative, a New Trial because the jury should not have awarded punitive damages when it did not award actual damages, and the trial court should not have entered a judgment thereon.[2]

The trial court prepared two verdict forms for submission to the jury, verdict A on the fraud count and verdict B on the unjust enrichment count. Prior to the submission of these verdict forms, the parties stipulated as follows:

> THE COURT: Because there's—as I read the instructions, there is a possibility that the jury could return a verdict for damages on [both] theories, that is the fraud count and the unjust enrichment count and because there's a danger then that that could result in double damages for the plaintiff, is—is there a stipulation by the parties in that regard?

> MR. KATZ [Attorney for Marquis]: Yes, Judge. The plaintiff is going to stipulate that, first of all, the doctrine of election of inconsistent theories of recovery is actually not applicable in this case because our claim for unjust enrichment and our claim for fraud do not defeat each other, they're not inconsistent theories.

> However, plaintiff is going to stipulate that should the jury come back and award plaintiff on this unjust enrichment claim the sum of $96,075.30 and then come back on its fraud claim and award the exact same amount, $96,075.30, that we understand not—we can not retain an award that doubles the damages that we're only entitled to receive one.

> Therefore, we would stipulate to the Court correcting the ultimate verdict and only on one recovery, not two.

> THE COURT: Very well. Is that agreeable, Mr. Kwentus; is that correct?

> MR. KWENTUS [Attorney for Dr. Peet]: Yes, your Honor.

On verdict A, the fraud count, the jurors found in favor of Marquis and assessed $0 in actual damages and $500,000 in punitive damages. On verdict B, the unjust enrichment count, the jury found in favor of Marquis and assessed actual damages in the amount of $431,034.14, and interest in the amount of $38,793.07. Marquis did not object to the verdict or request that the jury be returned for further deliberation before it was discharged. *See Teschner v. Physicians Radiology,* 761 S.W.2d 665, 667 (Mo.App.1988); *O'Brien v. Mobil Oil*

---

**2.** Although Dr. Peet asserts error in the denial of his motion for directed verdict, the action Dr. Peet complains of did not occur until the jury returned its verdict. Therefore, it could not have been raised in the motion for directed verdict, and we disregard this claim of error.

*Corp.*, 749 S.W.2d 457, 458 (Mo.App.1988). The trial court, referring to the parties' stipulation, entered a judgment for Marquis in the amounts of $431,034.14 in actual damages, $38,793.07 in interest, and $500,000 in punitive damages. In his motion for JNOV, Dr. Peet challenged the entry of judgment based on the verdict awarding no actual damages and $500,000 in punitive damages.

 The trial court erred in denying Dr. Peet's motion for JNOV. There can be no award of punitive damages absent an award of actual damages. *Environ. Energy Partners v. Siemens Bldg.*, 178 S.W.3d 691, 713 (Mo.App.2005); *Jacobs v. Bonser*, 46 S.W.3d 41, 46–47 (Mo.App.2001); *Forbes v. Forbes*, 987 S.W.2d 468, 469 (Mo. App.1999); *O'Brien*, 749 S.W.2d at 458. Granting a judgment notwithstanding the verdict is appropriate when a jury verdict awards punitive damages but no actual damages. *Environ. Energy*, 178 S.W.3d at 713; *Jacobs*, 46 S.W.3d at 48. Even though actual damages were awarded on the unjust enrichment count, the requirement that actual damages be awarded in order to obtain punitive damages applies to the fraud count on which actual damages were not awarded. *See Environ. Energy*, 178 S.W.3d at 713. "Damages are assessed separately for each claim that is tried." *Id.* The parties' stipulation covered only the possibility of a double award of actual damages; it did not allow the court to enter a judgment for punitive damages on a count on which no actual damages were awarded. Further, Dr. Peet was not required to object to the verdict, because as soon as the improper verdict for punitive damages was returned, he was enti-

tled to judgment as a matter of law. *Jacobs*, 46 S.W.3d at 47. Points four and five are granted.[3]

### III. *Submissibility of Fraud Count (Point II)*

Dr. Peet's second point asserts that the trial court erred in denying his Motion for Directed Verdict and Motion for JNOV or, in the alternative, a New Trial because there was no evidence of fraud to support submission of the fraud count. This point is moot because of our disposition of Points IV and V, which requires reversal of the punitive damage award and entry of judgment notwithstanding the verdict on the fraud count.

### *Conclusion*

That part of the judgment awarding punitive damages is reversed, and the case is remanded for entry of judgment notwithstanding the verdict on Count VII, the fraud count. In all other respects, the judgment is affirmed.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concur.

---

**3.** Dr. Peet's fifth point also refers to an improper amount of damages on the unjust enrichment count, but he did not develop this contention in his argument under this point, which, like point four, was focused on the impropriety of the award of punitive damages when no actual damages were awarded. Accordingly, any claim directed to the amount of actual damages on the unjust enrichment count is deemed abandoned. *Real Estate Investors v. Am. Design Group*, 46 S.W.3d 51, 59 (Mo.App.2001).