Zel M. Fischer, Judge,
concurring in part and dissenting in part
I respectfully dissent from Section VI of the per curiam opinion, which holds that § 319.131[1] prohibits the Fund from having liability for punitive damages and that this case should be remanded to the circuit court for substitution of the Fund’s board as party defendant and a new trial.[2] It is perplexing that the per curiam opinion is willing to require the Fund to adhere to some of this Court’s rules regarding preservation and presentment of issues for appellate review but not others.[3] Although not explained by the per curiam opinion, this Court has jurisdiction of this case because it granted transfer after opinion by the court of appeals pursuant to article V, § 10 of the Missouri .Constitution. Rule *755 83.08(b) permits the parties to file substitute briefs after transfer is granted but the parties are not permitted to “alter the basis of any claim that was raised in the court of appeals brief.”
I. The Fund Failed to Preserve Its Claims That It Was Statutorily Barred From Payment of Punitive Damages and That It Was the Incorrect Party Defendant
As a preliminary matter, the per curiam opinion neglects to restrain its review to the Fund’s point on appeal, which states:
The trial court erred in failing to grant the Fund’s motion for judgment notwithstanding the verdict and set aside the jury’s award of punitive damages, because the Fund is not subject to an award of punitive damages, in that no statute authorized the Fund to pay punitive damages awarded against the Fund itself, and § 319.13115, RSMo, provides that the Fund shall not pay damages of an intangible nature or punitive damages awarded against insureds.
(Emphasis added).[4] The Fund is not claiming that pursuant to Rule 55.27(g)(2) the City failed to state a claim for fraud, which was the basis of the jury’s verdict, but rather that it has a legal defense ,to the payment of. punitive damages. Equally significant, in my view, is that the Fund did not challenge the circuit court’s decision to overrule its motion for new trial; rather, it challenged "the decision to overrule its motion for JNOV[5] — a point the per curiam opinion acknowledges. Nor does the Fund even suggest this argument was included by reference or otherwise, in its motion for JNOV. This is an important distinction because a, motion for JNOV and a motion for new trial serve different purposes. •
The motion for new trial is required to raise grounds that would entitle a party to a new trial. As explained, an allegation that the court erred in failing to grant a new trial because the court should have granted a motion for a directed verdict at the close of all of the evidencie does not state a ground for new trial. It only states a ground for judgment notwithstanding the verdict and must be raised in a motion seeking that relief and not in a motion for new trial. A motion for new trial joined with a motion for judgment notwithstanding the verdict should raise issues of trial error which would constitute grounds for a new trial rather than grounds stating the pleader is entitled to judgment as a matter of law.
Buttram v. Auto-Owners Mut. Ins. Co., 779 S.W.2d 1, 3 n.1 (Mo.App.1989).s Critically, according to the per curiam opinion’s holding, the Fund is statutorily barred from the payment of punitive damages and is the incorrect party defendant for the City to have sued for fraud — neither of which can be properly remedied by a new *756 trial.[6] Rather, these claims had to be presented in a motion for directed verdict and preserved for appellate review through a motion for JNOV. This Court’s rules make it clear what is required to be in a motion for JNOV and motion for new trial and this Court should not now decide a case on a claim of error that is not properly preserved and briefed. Rule 72.01(a), (b), Rule 78.07, Rule 78.09, and Rule 84.13(a).
Even' if this Court were to consider these claims properly presented in the Fund’s points on appeal — an impossibility with regard to the substitution of a different party defendant — neither claim was properly preserved below. The per curiam opinion suggests that the Fund preserved for appellate review the argument that it is statutorily barred from payment of punitive damages, and that it was not the proper party defendant, only because the per curiam is willing to redraft and recast the arguments made by the Fund into a basic “[fjailure to state a claim upon which relief can be granted” pursuant to Rule 55;27(a)(6). Per curiam op. at 750 n.6. Reliance and citation to this rule is not only absent from the Fund’s brief, but it also is hot included in any post-trial motion or even its motion to dismiss. The express motivation for mutating the Fund’s point is so the per curiam opinion can conclude the argument is preserved because, at the time this case was tried, a claim that a petition failed to state a claim upon which relief could be granted could be raised for the first time on appeal. This advocacy on the part of the per curiam, which is searching for any way to resurrect the waived potential legal defense, neglects the fact that the Fund raised completely different claims in its motion to dismiss than it did in its motion for new trial, neither of which was the failure to state a claim upon which relief can be granted. The Fund’s motion to dismiss expressly relied on Rule 52.06 (rather than Rule 55.27(a)(6)’s failure to state a claim) and challenged whether a direct action could be brought against the Fund itself, instead of the Fund’s board.[7] This argument was never pursued once the motion to dismiss was overruled, so it was waived. The Fund’s motion for new trial (not the motion for JNOV), however, argued that § 319.131.5 does not permit the Fund to pay an award of punitive damages. These, of course, are distinct claims and, if briefed, would be in separate points relied on.
Because I am not willing to engage in judicial advocacy by mutating the actual claims made by the Fund to the circuit court or in its points on appeal, I am réquired to analyze the claims made and points briefed to determine if they were *757 properly preserved. At the outset, it should be considered that:
A motion to-dismiss attacks the plaintiff’s pleadings. ... A motion to dismiss for failure to state a [claim] is solely a test of the adequacy of the plaintiffs petition. It assumes that all of plaintiffs averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive! Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case,
Bosch v. St. Louis Healthcare Network, 41 S.W.3d 462, 463-64 (Mo.banc 2001).
The Fund’s motion to dismiss did. not challenge the City’s cause of action for fraud against the Fund nor did it allege § 319.131.5 provided an affirmative defense. See footnote 6. Rather, the Fund argued its board had the right but not the obligation to defend against the claim and therefore the proper procedure to forward notice of the claim to the board. Further, the Fund’s motion for new trial (not the motion for JNOV) asserted for the first time a legal defense that it was statutorily barred from paying punitive damages to the City based on a claim of fraud.[8] Because this alleged defense is not a jurisdictional one, it was required to be raised, as an affirmative defense or it is deemed waived.[9] McCracken v. Wal-Mart, 298 S.W.3d 473, 476-79 (Mo.banc 2009) (holding § 287.040.1 of the worker’s compensation law had to be asserted as an affirmative defense' or it was deemed waived.)
The per curiam opinion concedes that its basis for reversing the punitive damages award and for remanding for substitution of the Fund as a party defendant were not made in a motion for directed verdict or in a motion for JNOV. In my view, the failure to present these purely legal , issues in its motion for directed verdict and, after trial, in a motion for JNOV results in waiver of the argument. See Sanders v. Ahmed, 364 S.W.3d 195, 207-208 (Mo.banc 2012); Howard v. City of Kansas City, 332 S.W.3d 772, 790 (Mo.banc 2011). The Fund made two oral motions for directed verdict, one at the close of plaintiffs evidence and again at the close of all evidence, neither of *758 which pertained to the Fund being statuto-' rily barred from payment of punitive damages nor that it was -an. incorrect party defendant in the ease.
In my view, the law regarding what is required to preserve an issue for appellate review is well settled.
As originally adopted, Rules 72.01 and 72.02[10] provided that the party who made a motion for directed verdict pursuant to Rule 72.01 could make a motion for JNOV in accordance with his motion for directed verdict. ■ •
In 1974, when this Court reviewed these rules and reorganized them into what is currently Rules 72.01(a) and (b), and again when this Court latér amended Rules 72.01(a) and (b), it decided to keep the text relevant to this requirement in place. Current Rule 72.01(b), in pertinent part, provides: '
A party may move for a directed verdict at the close of all the evidence. Whenever such motion is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by ■ the motion. Not later than thirty days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the motion for a directed verdict[.]
(Emphasis added).
This well-settled law was'recently reaffirmed in two of this Court’s opinions:
In terms of preservation, 'a motion for directed verdict at the close of plaintiffs case is necessary only if defendant seeks to' have the case determined at that *759 point without introduction of additional evidence. Alternatively, ■ if defendant chooses to put on evidence, the state of the record changes. The case then is decided on all of the evidence. A motion for directed verdict at the close of all evidence becomes the meaningful motion to preserve the issue as it presented itself to the trial court at that time, prior to submission to the jury. After verdict, of course, a motion for JNOV also is required to preserve the issues raised for appeal.
Sanders, 364 S.W.3d at 207-08 (emphasis added); see also Howard, 332 S.W.3d at 790 (“[Wlhere an insufficient motion for directed verdict has been made, a subsequent post-verdict motion is without basis and preserves nothing for review.") (Emphasis added).
Because the Fund failed to preserve its arguments that it was statutorily barred from payment of punitive damages, and that it was an incorrect party defendant, in its motions for directed verdict and in it’s motion for JNOV, these claims were waived and cannot properly be the basis of the per curiam- opinion’s reversal of the punitive damages award' or remand for substitution of a party. While there are a plethora of cases followiiig" this well-settled law, defenses based on a statute must be included in • motions for directed verdict and later in a motion for JNOV. A recent example from the court of appeals is Lewis v. Biegel, 364 S.W.3d 670, 677 (Mo.App.2012), In Lewis, the court held that a defendant who failed to raise a statute-of-limitations defense in her motion for directed verdict at the close of all evidence failed to preserve the issue for a motion for JNOV and appeal. Id.
In my view, because the Fund failed" to present the purely legal defense that it was not authorized to pay punitive damages, or that it was the incorrect party defendant, to the circuit court in either motion for directed verdict, or a motion for JNOV, those claims were waived and therefore not preserved for appellate review.
II. The City Failed to Preserve Its Argument That § 510.265.1(2) Violates Article I, Section 22(a) of the Missouri Constitution.
The City also argued, to this Court, that § 510.265.1(2) violates the, right to jury trial.
To raise a constitutional challenge properly, the party must: (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. The purpose • of this rule is to prevent surprise to the opposing party and permit the trial court an opportunity to fairly identify and rule on the issue.
[[Image here]]
It is Well recognized that a party should not be entitled on appeal to claim error ■' on the part of the trial court when "the party did not call"attention to the "error at trial and did not give the court the opportunity to rule on the question. To give the court an opportunity to rule on the issue, a party must make a timely 'objection or request, which is one made when the occasion for the ruling desired first appears.
Mayes v. Saint Luke’s Hosp. of Kansas City, 430 S.W.3d 260, 266-67 (Mo.banc 2014) (internal citations and quotations omitted). Failure to do so .constitutes a waiver of the objection. The Fund argued for a reduction of the punitive damages *760 award under § 510.265.1 in a post-trial motion. In response, the City argued that the statute could not he applied to its pre-enactment claim and that it was exempt from the statute because the City was “the state of Missouri” and, therefore, explicitly exempt from § 510.265.1’s operation. At no time in the circuit court did the City argue § 510.265.1 was unconstitutional because it violated the City’s right to a trial by jury, protected by article I, section 22(a) of the Missouri Constitution. By failing to challenge the constitutional validity of § 510.265.1 in the circuit court on this basis, the City failed to preserve the constitutional challenge for appellate review.
III. Application of Punitive Damages Cap Does Not Violate Article I, Section 13 of the Missouri Constitution
The City argues the circuit court did not err in refusing to apply § 510.265.1(2) because it is a retrospective law. Section 510.265.1(2) provides that punitive damages are limited to the greater of $500,000 or five times the net amount of the damages awarded to the plaintiff. The General Assembly specified § 510.265.1’s cap on punitive damages would apply to “all causes of action filed after August 28, 2005.” Section 538.305.[11] The City filed its lawsuit in November 2005, after the punitive damages cap became effective. Therefore, § 510.265, the cap on punitive damages, is applicable unless application would violate a provision of the Missouri or United States Constitution. The circuit court held application of § 510.265.1 to this case violates article I, section 13 because the cause of action accrued before the statute became effective, but reduced the award of punitive damages as excessive in violation of the Fund’s due process rights.
No due process analysis is required in this case because the Fund is not a citizen and does not have due process rights. This is not a novel concept as it has been consistently recognized by this Court that the state and political subdivisions of the state, such as cities, are not entitled to the same constitutional protections as citizens. This Court has previously recognized in several respects that municipalities, like the City, do not have the same constitutional protections as citizens. See City of Chesterfield v. Dir. of Revenue, 811 S.W.2d 375, 377 (Mo. banc 1991) (holding municipalities are not “persons” and do not have due process or equal protection rights and noting this was a holding often repeated by both state and federal courts). Similar to our due process and equal protection clauses, the prohibition against laws retrospective in operation is contained in our state constitution’s bill of rights.
Just as the Fund does not have due process rights, the City has no constitutional right to be free from a law retrospective in operation. This Court recently held:
Our constitutional prohibition against laws retrospective in operation is located in our citizen bill of rights. “Because the retrospective law prohibition was intended to protect citizens and not the state, the legislature may constitutionally pass retrospective laws that waive the rights of the state.” Savannah R-III Sch. Dist. v. Pub. Sch. Ret. Sys. of Mo., 950 S.W.2d 854, 858 (Mo.banc 1997). By extension, the legislature may also waive or impair the vested rights of political subdivisions, such as cities, without violating the prohibition on retrospective laws. Id.; see also Barton Cnty. v. Walser, 47 Mo. 189, 205 (Mo.1871). Therefore, the *761 petition failed to state a permissible claim by a municipality pursuant to article I, § 13 and the State was entitled to a dismissal of this claim.
Mo. Mun. League v. State, 489 S.W.3d 765, 768 (Mo.banc 2016).[12]
The imposition of § 510.265 cannot be held unconstitutional as applied to the City because article I, section 13 of the Missouri Constitution only protects citizens against retrospective laws. Therefore, the statutory cap should be applied to reduce the jury’s award to $860,504.90. See § 510.265.1(2).

. Statutory citations are to RSMo Supp. 2013, unless otherwise specified,

. I concur in Sections II through V of the per curiam opinion.

. The failure of the per curiam to follow some, but not all, of the rules regarding preservation of claims creates the conundrum expressed by Judge Teitelman's dissent. In doing so the per curiam opinion ignores or fails to recognize that a necessary condition to receive a punitive damage award is an award of compensatory damages against the same party. See Tietjens v. Gen. Motors Corp., 418 S.W.2d 75, 88 (Mo.1967). The per curiam opinion holds the Fund could not be liable for compensatory damages, but the per curiam opinion accepts that the Fund waived that claim by failing to include it in a point relied on in its brief. It should be equally apparent to the per curiam that the Fund does not include a point relied on that the City sued the wrong party or that the circuit court erred in overruling a motion for new trial on that basis. Further, in my view, the waiver by failure to present a claim in a point relied on in a brief is no more significant than the failure to properly present a claim in a motion for directed verdict and a motion ‘for JNOV. As a result of the per curiam opinion, the City has a judgment for compensatory damages that six members of this Court affirm against the Fund, and therefore it is presumably collectable against the Fund. But the per curiam remands to the circuit court for the City to name a different party — the "Trustees” of the Fund from which to proceed to a retrial on the issue of punitive damages. To quote the per curiam, "this Court should not grant relief that is not sought." Per curiam op. at 752.

. Note the Fund did not claim that it was the incorrect party defendant in the point on appeal, nor does it request a remand for a new trial on this point.

. I disagree with the per curiam opinion's conclusion in footnote 6 that Ukman v. Hoover Motor Exp. Co., 269 S.W.2d 35 (Mo.1954), stands for the proposition that only the question of submissibility has to be included in a motion for directed verdict at the close of evidence and in a motion for JNOV..Never-theless, current Rule 72.01(b), which has governed this issue since 1974, makes it crystal • clear that a legal defense must have been made in a motion for directed verdict and after trial in a motion for júdgment not withstanding the verdict. Furthermore, there is no need for the per curiam to go to a secondary source like Black's Law Dictionary to determine what must be included in a motion for • JNOV when Rule 72.01(b) makes it clear.

. "A new trial is available only when trial error or misconduct of the prevailing party incited prejudice in the jury.” Dodson v. Ferrara, No. SC95151, 491 S.W.3d 542, 552, 2016 WL 1620102 (Mo.banc Apr. 19, 2016). The Fund does not allege either basis is properly remedied by a new trial, but instead, of course claims that it is statutorily barred from the payment of punitive damages and request for a judgment to that effect.

. Paragraphs 2(e), 2(f), and 2(g) of the Fund's motion to dismiss provide:
(e)The provisions of 100-5.030 do not provide for a direct action against the PSTIF. Rather, the proper procedure for third-party claims calls for the fund participant to forward notice of any claim to the fund’s board. The board will then decide how to proceed.
(f) 100-5.030(6) states that “the board has the right to defend any suit seeking property or bodily injury damages, and may investigate and settle any claim for third-party damages or suit at its sole discretion.”
(g) The Missouri Legislature, in 100-5.030(6), grants the board the right but not the obligation to defend suits against those covered by the fund.

. Paragraph 36 of the Fund’s motion for new trial provides:
36. The Court should set aside the jury’s verdict against PSTIF for punitive damages and order a new trial, said verdict being based on PSTIF's failure and refusal to pay the City’s claim in full and the alleged delay associated &erewith, as such verdict was against the substantial weight of the evidence. As it stands, the jury awarded substantial punitive damages against PSTIF, a state-created insurance fund, based oh the Fund's failure to agree to pay a claim that it would not have paid as a matter of' law under the controlling provisions of Missouri law, to-wit: Section 319.131(5), RSMo 2000, which statute'prevents the fund from being responsible to third party claimants for other than the reasonable costs of containment and cleanup and which statute specifically prevents ’the fund from béing responsible for economic and other intangible damages such as the loss of the City’s benefit of their contractual bargain with - Rose-Lan in the amount of approximately $100,000. As set out in 10 CSR 100-2.010(7), "’Cleanup’ consists of all actions necessary to investigate, contain, control, analyze, treat, assess, remediate or monitor the effects of a petroleum release to standards established by the Department of Natural Resources.”

. Why the Fund did not include a paragraph similar to Paragraph 36 in its motion for judgment notwithstanding the verdict is hard to say, but it could be that the Fund recognized it could not be included because it failed to present 'this legal defense' in its answer, a motion to dismiss or even in its motion for directed verdict.

. Motion for Directed Verdict. The demurrer to the, evidence and the request for peremptory instructions are abolished and in lieu thereof a party may make a motion for a directed verdict. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer, evidence in the event that the motion is not granted, without having reserved the right so to, do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not. a waiver of trial by jury even though all parties to the. action have moved for directed verdicts. Upon motion for a directed verdict by a party opposing a claim the court, whether so requested or not, may dismiss the claim without prejudice if justice :SO requires. , .
Supreme Court Rule 72.01 (1959).
Denial of motion for Directed Verdict— Motion to Set Aside Verdict, Judgment— ' Motion for New Trial. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within fifteen days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned, such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial. If the trial court sustains a motion for judgment in accordance with a directed verdict joined with a motion for new trial in the alternative, the trial court shall make and enter of record a ruling on the alternative motion for new trial to be effective.if the ruling on the motion for judgment is reversed.
Supreme Court Rule 72,02 (1959).

. Sections 510.265 and 538.305 were both enacted as part of House Bill No. 393. See 2005 Mo. Laws 641, 647, 655.

. Neither the circuit court nor the court of appeals had the benefit of this case when it was presented with this issue.